THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANNY LEE GAMES, Defendant-Appellant.

Third District    No. 80-426

Opinion filed March 27, 1981.—Rehearing denied April 21, 1981.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

The sole issue raised in this appeal is whether the defendant, Danny Lee Games, was properly proven guilty of the unlawful delivery of 30 to 500 grams of cannabis. The single delivery consisted of two bags, one weighing 19.3 grams and the other weighing 17.4 grams. Together, the two bags weighed 36.7 grams. Apparently, from a fair reading of the testimony, only one of the bags was subjected to chemical analysis. The statute claimed violated was section 5 of the Cannabis Control Act (Ill. Rev. Stat. 1979, ch. 56½, par. 705(d)).

The single delivery of the two bags was to John Linden, an agent with the Multi-County Narcotics Enforcement Group, in exchange for $70. The defendant asserts that because no proof was presented that both bags were chemically tested and found to contain cannabis, his conviction should be reduced to the lesser included offense of delivery of 10 to 30 grams of cannabis.

From the expert testimony of Susan Johns, a chemist employed by the Illinois Department of Law Enforcement, it is clear that her visual examination of the evidence and her weighing procedure included both

bags. Her chemical analysis included a morphological microscopic examination, a modified Dukuenois Levine test, and a thin layer chromatograph, apparently of a portion of the contents of a single bag. Based on her analysis, she testified that the material tested contained cannabis and that both bags weighed a total of 36.7 grams. That is all she said.

A chemist need not analyze every particle of a substance admitted into evidence to give an opinion as to the whole. *People v. Kline* (1976), 41 Ill. App. 3d 261, is authority for the proposition that a chemist need not test every capsule or every gram of a substance in order to give an opinion as to the whole. This is a rule of reason and practicality.

In the case at hand, however, the chemist did not, in fact, express an opinion as to the whole. She looked at both bags, she weighed them individually, and she subjected the contents of one bag to chemical analysis which revealed cannabis. What inference can be drawn concerning the composition of the bag not tested? The answer is none at all in the absence of expert opinion testimony. And in this case, there was none. It is difficult not to speculate that the second bag contained cannabis. But that is not enough. The verdict must be based on evidence and not upon guess, speculation or conjecture.

Accordingly, the judgment of conviction of the Circuit Court of Fulton County is reduced to the lesser included offense of delivery of 10 to 30 grams of a substance containing cannabis, and the cause is remanded for rcsentencing based on the lesser offense.

Conviction reduced, sentence reversed, and cause remanded.

ALLOY and STOUDER, JJ., concur.