THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERTO AYALA, Defendant-Appellant.

First District (1st Division)    No. 80-473

Opinion filed May 26, 1981.

James J. Doherty, Public Defender, of Chicago (Timothy ·K. McMorrow, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Barry S. Pechter, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Following a jury trial, defendant was convicted of possession of more than 30 grams of a controlled substance (heroin) and sentenced to 4 years in the penitentiary. (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(a)(1).) On appeal, defendant contends (1) he was not proved guilty beyond a reasonable doubt because the State's expert testified that only one of two bags contained heroin and (2) the prosecutor's improper remarks during closing argument denied him a fair trial.

It is uncontroverted that defendant was found in possession of two bags of a substance the State claimed was heroin. Chicago police chemist Richard Fournier testified one bag weighed 19.35 grams and the other 15.32 grams. He subjected a portion of the contents of each of the bags to a series of seven chemical color tests which indicated that heroin "might be present in the sample." When asked to describe what other tests he then performed to the contents of the bags, he responded that a portion of one of the bags was extracted by a process which removed the active from the inactive ingredients and then the substance was subjected to infrared and ultraviolet spectrophotometer scans. Graphs resulting from the scans, when compared to known standards of heroin, were matched. The result of the comparison was that the substance "was in fact heroin." He was then asked the following questions:

"Mr. Fournier, based on your experience and your training do you have an opinion now as to what those two bags before you contained on the date you analyzed them?

A. Yes.

Q. What is that opinion?

A. That both bags contained a substance, heroin.

Q. Do you know at this point what the total weight of those two substances were, the two samples were?

A. Yes.

Q. What was that?

A. 34.67 grams."

Defendant first contends the foregoing testimony was insufficient to prove beyond a reasonable doubt that both bags contained heroin, since from the first test (the seven-color test) the expert was able to conclude only that both bags "might" contain heroin. Defendant points out that the expert subjected the contents of one bag only to the spectrophotometer test and that some portion of the other bag had to be tested in order to

prove the existence of heroin in both bags and that the testing of only one bag was insufficient.

The State relies on *People v. Ohley* (1973), 15 Ill. App. 3d 125, 303 N.E.2d 761, and *People v. Yosell* (1977), 53 Ill. App. 3d 289, 368 N.E.2d 735, in which a similar issue was presented. In both these cases, the issue was how many of a group of tablets had to be tested in order to prove beyond a reasonable doubt that the other tablets not tested contained the same substances as the tablets tested. In *People v. Ohley*, for example, 89 tablets allegedly contained LSD. A preliminary examination upon a random sample of tablets revealed they were homogeneous and contained a similar compound. The tablets not tested had the same outward appearance and markings as those tested. A definitive test of six randomly chosen tablets revealed the presence of LSD. In rejecting defendant's argument that all the pills should have been tested (which would have resulted in destruction of all the evidence) the court observed that if no pills were subjected to the definitive test the State would have been unable to prove the existence of the LSD. Similarly, in *People v. Yosell*, 10 bags containing approximately 100 capsules each were recovered. One chemist analyzed 6 randomly selected capsules and another analyzed 10 capsules, one from each of the 10 bags. The test results indicated each capsule contained a controlled substance. The court concluded the question of whether the entire substance was a derivative of the controlled substance was a question for the trier of fact to resolve, and, noting that the testimony was uncontradicted, found no reasonable doubt concerning the finding.

■■ In our opinion, the test here was insufficient to prove beyond a reasonable doubt that the bag, which was not subjected to the conclusive test for heroin, in fact also contained heroin. The authority cited by the State supports the principle that if a random sample is obtained and tests positive, that is sufficient to conclude that untested remainder of the sample is also heroin. (*State v. Jester* (1975), 68 N.J. 87, 342 A.2d 850.) In *People v. Ohley* and *People v. Yosell*, the court was concerned with a large number of tablets, similar in appearance, from which a small number of tablets, randomly selected, were tested. The situation here is not comparable. While the difficulty of analyzing 89 tablets or 1,000 tablets is evident, the difficulty in examining a portion from each of the two bags in question here is not evident. Apart from the expert testimony, it might be possible to conclude from other evidence that the substance was heroin. (*Cf.*, for example, *People v. Edwards* (1979), 198 Colo. 52, 598 P.2d 126.) An inference that the untested bag contained heroin could be drawn from the fact that the preliminary test indicated heroin "might" be present, and from the fact that defendant possessed both substances and from their physical similarity. This proof would be sufficient if the

standard were that of the preponderance of the evidence, and is perhaps even clear and convincing, but we are not persuaded that the State has proved beyond a reasonable doubt that the untested bag in fact contained heroin.

■■ A test existed which could have proved, beyond a reasonable doubt, that the untested bag in fact contained heroin, yet it was performed on the contents of only one of the two bags. (*Cf. People v. Park* (1978), 72 Ill. 2d 203, 380 N.E.2d 795.) Under the circumstances, we conclude defendant was not proved guilty beyond a reasonable doubt of possession of more than 30 grams of heroin. (*People v. Games* (1981), 94 Ill. App. 3d 130, 418 N.E.2d 520.) However, defendant was proved guilty beyond a reasonable doubt of possession of less than 30 grams of heroin. We therefore reduce defendant's conviction to possession of less than 30 grams of a substance containing heroin.

Since we have not reversed defendant's conviction outright, we must also consider his argument that he was denied a fair trial by the conduct of the prosecuting attorney in closing argument. The portion of the closing argument in question, to which defendant did not object at trial, is set forth below:

> "Good afternoon ladies and gentlemen. May it please the Court, defense counsel, co-counsel. This is the stage of the trial which is known as rebuttal as His Honor has mentioned. This is the time in which the People of the State of Illinois get to address you to attempt to answer anything, any of the contentions that the defense has made. This is fair and it's provided for under the law because we have the burden of proof as you have heard many times. It's a burden that we gladly accept. It's not an impossible burden. It's the same burden that is met and overcomed [*sic*] in many cases that you hear about and are tried in every day in this State and indeed throughout this County."

■■ Defendant relies on *People v. Martinez* (1979), 76 Ill. App. 3d 280, 395 N.E.2d 86, in which the court found similar comments objectionable, as having the effect of lessening the importance of the State's burden of proof by implying that reasonable doubt was merely a pro-forma or minor detail. In *Martinez*, the prosecutor said that the State had "no quarrel" about its burden of proving the defendant's guilt beyond a reasonable doubt and added that the people "throughout the United States * * * are being found guilty beyond a reasonable doubt everyday of the week." The State correctly points out that this comment, if error, may be considered to have been waived by the failure of the defendant to object at trial. In addition, defendant's written post-trial motion made no reference to this particular comment in rebuttal. Nevertheless, we consider *People v. Martinez* to be distinguishable. In *Martinez*, the court

reversed on other grounds. Although the court considered the foregoing quoted remarks to be "improper," along with other improper prosecutorial comments, it did not say that this comment, standing alone, could be considered to be reversible error. Under the facts of this case, we consider that any error was harmless beyond a reasonable doubt and did not contribute to the jury's verdict.

The judgment of the circuit court of Cook County convicting defendant of unlawful possession of more than 30 grams of a controlled substance is modified to a judgment convicting defendant of possession of less than 30 grams of a controlled substance; as modified, the judgment of the circuit court of Cook County is affirmed, and the cause is remanded to the circuit court of Cook County for resentencing.

Judgment affirmed as modified and cause remanded.

GOLDBERG and McGLOON, JJ., concur.