THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GREGG CONNAL, Defendant-Appellant.

First District (6th Division)   Nos. 1—88—0729, 1—88—2523 cons.

Opinion filed May 25, 1990.

Michael J. Pelletier and Mitchell Cokatten, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Marie Quinlivan Czech, and Linda S. Halperin, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Following a bench trial based on stipulated evidence, the defendant was found guilty of possession of a quantity of cannabis greater than 500 grams with intent to deliver. Defendant's motion for a new trial was denied.

Prior to imposing sentence, the court heard the State's argument in aggravation that the defendant had 29,964 grams of cannabis in his possession at the time of his arrest and therefore he was a dealer of narcotics and not just a user. The State sought the maximum sentence based on the quantity of drugs and on defendant's record of prior felony convictions.

The defense argued in mitigation that, while the defendant when arrested had a large amount of narcotics in his possession, the legislature had failed to make quantity a factor to be considered in aggravation when the court imposes sentence.

The trial judge stated that he considered all the stipulated and physical evidence and defendant's potential for rehabilitation and sentenced him to a term of six years' incarceration.

The defendant appeals his sentence, raising as the sole issue on appeal whether the trial court erred in sentencing defendant to a six-year term where it relied in part on his possession of three packages of plant substance which were not chemically analyzed and therefore not proven to contain cannabis.

On July 27, 1987, police officer Panico stopped the defendant for driving through a red light. When the officer approached the car, the defendant got out. When he was asked to produce his driver's license, automobile registration or other identification, the defendant was unable to do so.

The officer noticed the smell of marijuana on defendant's breath and, upon looking into the car, saw two partially burned, hand-rolled cigarettes which the officer recognized as marijuana cigarettes. The defendant was placed under arrest.

As Officer Panico picked up the cigarettes, he noticed what he recognized as marijuana seeds on the floor of the car. He then searched the car trunk using the keys which were in the ignition. In the trunk he found an open carton containing four cellophane-wrapped packages, one of which was torn. The officer saw plant material spilling out of the torn package and recognized it to be marijuana.

Plant material from the torn package was subsequently tested by the police chemist and found to be cannabis. The stipulated evidence established that the package tested by the chemist contained 7,491 grams of cannabis and that the total contained in all four packages was 29,964 grams. No evidence was offered that the other three packages were chemically tested.

The defendant was charged by information under the Illinois Cannabis Control Act (Ill. Rev. Stat. 1987, ch. 56½, par. 705(e)) with possession with intent to deliver of more than 500 grams of cannabis, a Class 2 felony. The term of imprisonment for a Class 2 felony is not less than three nor more than seven years. Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(5).

The defendant was found guilty of the crime charged and sentenced to six years' incarceration. He now appeals this sentence on the ground that the trial judge improperly considered as a factor in aggravation the total weight of all four seized packages of plant material. The defendant argues that in determining sentence the trial judge should have considered only the one package whose contents had been chemically tested and proven to contain cannabis.

In imposing sentence the trial judge considered the presentence investigation report which disclosed two prior felony convictions. The judge also considered the stipulated trial evidence, including all testimony adduced from the defendant and from Officer Panico at the pretrial hearing on defendant's motion to suppress, as well as photographs admitted into evidence at trial showing the four packages of plant substance.

The defendant argues that limitations have been placed on the general principle that only random testing on the total amount of narcotics seized need be done for the chemist's finding to be considered expert opinion as to the whole. He cites *People v. Hill* (1988), 169 Ill. App. 3d 901, 524 N.E.2d 604, *People v. Ayala* (1981), 96 Ill. App. 3d

880, 422 N.E.2d 127, and *People v. Games* (1981), 94 Ill. App. 3d 130, 418 N.E.2d 520, and argues that in all three cases the courts found that in determining severity of the offense it was improper for the court to consider as evidence of the total quantity those portions of the substance seized which were not chemically analyzed. While acknowledging that these cases concerned a determination of the level of offense charged and did not concern sentencing, their findings have equal application to the factors which the trial court here was permitted to consider in determining an appropriate sentence.

The State argues that the evidence disclosed that all four bundles of plant substance were packaged in a similar manner and that the chemical testing was done on one of the four packages. Additionally, the State argues that the chemist's testimony and conclusions were admitted as stipulated evidence and that this testimony established that the weight of the package of tested substance was 7,491 grams, an amount substantially greater than the 500-gram threshold weight required for defendant's conviction of a Class 2 felony under the statute.

In addition to the evidence adduced at trial, the trial judge properly considered the presentence report and the arguments of counsel in aggravation and in mitigation as he was required to do. In his argument in mitigation defense counsel alerted the court to the fact that the large amount of narcotics here is not a factor that the court should consider in aggravation. The court did not state that the sentence imposed was based on evidence of 29,964 grams of cannabis rather than on the 7,491 grams tested.

The six-year sentence imposed is less than the statutory maximum for this Class 2 felony. We find that the sentence is not excessive and that the trial court's judgment and sentence should be affirmed.

Judgment affirmed.

EGAN and RAKOWSKI, JJ., concur.