THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DERRICK YOUNG, Defendant-Appellant.

First District (1st Division)   No. 1—88—1729

Opinion filed September 30, 1991.

Law Office of Stuart V. Goldberg, of Chicago (Robert F. Nemzin, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and Kevin T. Noonan, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Defendant, Derrick Young, appeals his conviction for possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b)(2)), and raises the following issues for review: (1) whether the indictment should have been dismissed because of prosecutorial misconduct in the presentation of evidence to the grand jury; (2) whether defense counsel's failure to seek dismissal of the indictment on the grounds of prosecutorial misconduct constitutes ineffective assistance of counsel; (3) whether he was substantially prejudiced because of preindictment delay; (4) whether he was denied due process of law because of the State's failure to inform the defense prior

to trial that the suspect controlled substance had been destroyed prior to the indictment; (5) whether he was denied effective assistance of counsel where defense counsel failed to conduct an independent inspection and chemical analysis of the suspect controlled substances and thereafter stipulated to the results of the State's chemical tests; and (6) whether the State proved him guilty beyond a reasonable doubt of the offense of possession with intent to deliver more than 10 but not more than 30 grams of a controlled substance containing cocaine.

It is uncontroverted that pursuant to a search warrant of a single-family residence on September 25, 1986, the police recovered from the basement a brown paper bag containing three plastic bags and 58 white paper packets the State claimed was cocaine and two small handguns. In an upstairs bedroom where defendant, his girlfriend and son were present, the police recovered an Illinois Bell telephone bill in the defendant's name.

Defendant was arrested and released on bond after a hearing. Defendant demanded a trial on October 22, 1986; however, on that date the court granted a continuance until December 10, 1986. On December 10, the State acknowledged that the lab report on the suspect controlled substance was unavailable and requested a continuance. The preliminary hearing court denied the State's request for a continuance, but granted it leave to nol-pros.

On January 30, 1987, the lab report was completed, and on July 1, 1987, defendant was indicted by the grand jury. Thereafter, defendant filed a motion to dismiss the indictment which was denied by the trial court on November 20, 1987, following lengthy arguments on the ground of preindictment delay. On December 31, 1987, counsel for defendant filed a motion to inspect the physical evidence and to conduct an independent analysis of the substances; however, he later withdrew the request.

During the bench trial which began in February 1988, Chicago police officers testified about the details of the search of defendant's home and the items that were recovered. Officer Wozniak stated that when confronted with the contraband, defendant admitted to him that all of the items belonged to the defendant and that no one else on the premises was involved.

The parties stipulated to the testimony of Chicago police chemist Moka that on January 30, 1987, she analyzed the contents of the brown paper bag by chemically examining the contents of one of the three plastic bags and 1 of the 58 paper packets. In her expert opinion, an amount of 1.86 grams tested positive for the presence of co-

caine and the weight of the entire amount of the substance received by her was 16.87 grams. It also was stipulated to by the parties that the entire amount of the substance confiscated from defendant's house had been incinerated by the police on April 21, 1987, pursuant to a Chicago police department procedure to "[d]ispose of (the substances) according to law." The trial court then denied defendant's motion for a directed verdict.

In his own defense, defendant denied knowledge and possession of the controlled substance and stated that he never told the police that it was his. Following closing arguments and the sentencing hearing, defendant was sentenced to eight years' imprisonment.

Defendant's first contention on appeal asserts error by the trial court in denying his motion to dismiss the indictment. Defendant argues that he suffered prejudice because of prosecutorial misconduct in presenting false and misleading evidence to the grand jury, because of defense counsel's failure to seek dismissal on the basis of the prosecution's misconduct and because of preindictment delay.

■ It is well settled that trial courts are authorized to dismiss an indictment where there is a clear denial of due process, even though this is not a statutorily authorized ground for dismissal. (*People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244.) In ascertaining due process violations on a motion to dismiss an indictment, a court must proceed with restraint and dismiss the indictment only when the violation is clear and has been found with certainty. (*People v. Shaw* (1985), 133 Ill. App. 3d 391, 478 N.E.2d 1142.) A defendant who seeks dismissal of the indictment bears a heavy burden of showing actual and substantial prejudice to him. (*People v. Haag* (1979), 80 Ill. App. 3d 135, 140, 399 N.E.2d 384.) Defendant here contends that the suspect controlled substances which formed the basis of the July 1, 1987, indictment were destroyed by the police on April 21, 1987, and that prior to the destruction, only a portion thereof, 1.86 grams, had ever tested positive for the presence of cocaine. Thus, he urges that in presenting its evidence to the grand jury, the prosecution knowingly and willingly misrepresented that the chemical analysis conducted by the chemist determined the substances to be positive for cocaine in the amount of 16.87 grams. Moreover, the prosecution failed to inform the grand jury that the substances had been previously destroyed and were unavailable for use as evidence at trial.

■ Defendant asserts that he was prejudiced because the return of the indictment compelled him to defend against adverse evidence without ever having any opportunity for meaningful confrontation of the evidence by way of an independent inspection and chemical analy-

sis. He further urges that the State's failure to inform defense prior to trial that the substance had been destroyed denied him due process of law where he had filed a motion for discovery requesting a list of physical evidence that the State intended to use at trial. He continues that because the State suppressed evidence in the face of a defense request for production, he was deprived of an opportunity to defend his case on the basis of reasonable doubt as to possession of more than 10 grams and to seek plea negotiations with respect to a lesser offense. With respect to further error, defendant claims that defense counsel's failure to seek dismissal of the indictment on the basis of prosecutorial misconduct constitutes ineffective assistance of counsel.

We have reviewed the grand jury transcription and the record below and find that the presentation of the evidence to the grand jury did not deprive defendant of his rights of due process. Officer Wozniak testified before the grand jury on the charge against defendant for the offense of possession of a controlled substance with intent to deliver cocaine, more than 10 grams but less than 30 grams, a Class 1 felony. The officer stated that a brown paper bag containing 58 "pony pak papers" and three small plastic bags, all containing white powder, suspect cocaine, and two small caliber guns were recovered from the basement of the location where defendant was arrested and the substances were sent to the crime lab. When asked by the prosecutor: "Did you find that chemist Moka, Chicago Police Department, analyzed those substances on January 30th, 1987 [sic] found those substances to be positive for cocaine in the amount of 16.87 grams?" Officer Wozniak stated: "That is true." The grand jury then returned a true bill against defendant.

In determining whether to dismiss an indictment, a court will not consider the adequacy or sufficiency of the evidence (*Costello v. United States* (1956), 350 U.S. 359, 100 L. Ed. 397, 76 S. Ct. 406), except a challenge on the basis of wholly inadequate or incompetent evidence. (*People v. Consago* (1988), 170 Ill. App. 3d 982, 524 N.E.2d 989.) Our courts have determined that it is unnecessary that evidence be presented before the grand jury for each element of the offense charged in the indictment (*People v. Shaw*, 133 Ill. App. 3d 391, 478 N.E.2d 1142) as long as there is some evidence relative to the charge (*People v. Rodgers* (1982), 92 Ill. 2d 283, 290, 442 N.E.2d 240) and the indictment is valid on its face. (*People v. Schulz* (1987), 154 Ill. App. 3d 358, 506 N.E.2d 1343.) Guilt or innocence is to be determined at trial. *People v. Creque* (1978), 72 Ill. 2d 515, 382 N.E.2d 793.

When the sufficiency of an indictment has been challenged at trial, the standard of review is whether the indictment states the

nature of the offense and adequately sets forth each of the elements of that offense. (*People v. Clutts* (1976), 43 Ill. App. 3d 366, 371, 356 N.E.2d 1367.) The record discloses that defendant here was charged with possession of more than 10 and less than 30 grams of cocaine. The record also discloses that the police chemist conducted a random sample testing of the suspect substances. The amount of the substance tested by the chemist weighed only 1.86 grams while the total amount of the substances recovered weighed 16.87 grams. Assuming the validity of the random testing (see *People v. Kaludis* (1986), 146 Ill. App. 3d 888, 497 N.E.2d 360) under the instant facts, it was not improper for the officer to testify that he found out that the substances tested positive for the amount of 16.87 grams. Furthermore, in applying the foregoing principles of law to the instant facts and even assuming that the propriety of the random testing is called into issue, as will be more fully discussed below, we believe that the prosecution's representation, *i.e.*, that 16.87 grams of cocaine were recovered from the defendant, made at the grand jury stage of the proceedings, was proper. Further, we have found nothing in the record to support defendant's allegation of intentional deception by the State. As previously stated, because the indictment is but the formal charge and is not the trial on the merits, it does not require the degree and quality of proof necessary for conviction on the charge. *People v. Bragg* (1984), 126 Ill. App. 3d 826, 467 N.E.2d 1004.

■ Accordingly, we conclude that where the indictment here adequately informed defendant of the charge against him so that he could prepare a defense and guard against the possibility of future prosecutions for the same offense (see *People v. Simon* (1980), 91 Ill. App. 3d 667, 416 N.E.2d 285), the trial court properly denied his motion to dismiss the indictment. This court has held that even if some improper evidence may have been presented to the grand jury, the indictment is not invalidated where competent witnesses have testified before the grand jury. *People v. Morgan* (1988), 169 Ill. App. 3d 368, 523 N.E.2d 560.

■ We will briefly address defendant's assertion regarding ineffective assistance of counsel. In order to establish ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient, and that but for counsel's unprofessional errors, the result of the proceeding would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Barnard* (1984), 104 Ill. 2d 218, 470 N.E.2d 1005.) We believe that defendant's argument that defense counsel should have moved to dismiss rather than stipulate to the chemist's test results is

without merit where defense counsel neither had filed a motion *in limine* to preserve the evidence nor to test the substance, where the later filed motion to inspect the physical evidence was withdrawn, and where in particular, the record shows the existence of competent testimony and circumstantial evidence, other than the physical presence of the suspect controlled substance, in and of itself, to sustain the indictment. Accordingly, we find that defense counsel's failure to present a motion to dismiss the indictment on the grounds now urged by defendant does not fall below an objective standard of reasonableness, that but for the alleged error, the results of the proceeding with regard to the motion to dismiss the indictment would have been different.

We next address defendant's dual contentions that the trial court erred in not dismissing the indictment against him since he suffered substantial prejudice because of preindictment delay and that the prejudice against him was compounded because of the State's violation of the discovery rules in failing to inform the defense that the suspect substance had been destroyed. Prior to trial, defendant moved to dismiss the indictment, not on the grounds of prosecutorial misconduct, but on the basis that he was prejudiced by the State's unreasonable and nondiligent delay in bringing the indictment against him. The trial court simultaneously entertained respective motions to dismiss pending indictments against several defendants. It found that defendant here had suffered only slight, if any, prejudice and denied the motion. In his brief, defendant urges that destruction of the substance caused him considerable prejudice as he was unable to confront the adverse evidence against him. He relies on *People v. Taylor* (1977), 54 Ill. App. 3d 454, 369 N.E.2d 573, for the proposition that the State has the duty to preserve some of the substance so that an independent chemical analysis can be made. The State counters that defendant's argument must fail where he stipulated to the chemist's expert testimony and where he failed to file timely motions to inspect the evidence for independent testing or to exclude the evidence. Additionally, *Taylor* is inapplicable here because therein the defendant presented a timely motion to preserve or inspect the recovered narcotics.

■■ ■ In order to prevail on a motion to dismiss an indictment based on allegations of delay between an alleged crime and indictment or arrest or accusation, the defendant must come forward with a clear showing of actual and substantial prejudice. (*United States v. Marion* (1971), 404 U.S. 307, 324, 30 L. Ed. 2d 468, 481, 92 S. Ct. 455, 465.) Here, similar to *People v. Stinnett* (1988), 166 Ill. App. 3d 1027, 1028, 520 N.E.2d 1204, the issue is whether the time between the defend-

ant's request for trial in October 1986 and subsequent State's motion for *nolle prosequi* in December 1986 and the indictment of defendant in July 1987 is tolled for purposes of the speedy trial demand, as it is beyond the 160 days required by section 103—5(b) to bring to trial persons on bail or recognizance. (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b).) The answer is affirmative, as the *nolle prosequi* procedure terminates the pending charges against the defendant and requires the institution by the State of a new proceeding in order to prosecute for the dismissed offense. *Stinnett*, 166 Ill. App. 3d at 1028.

Accordingly, we conclude that where there was no charge pending against the defendant here and he was released from bond, the speedy trial provisions of section 103—5 do not apply.

■ With respect to defendant's assertion of actual prejudice that resulted in the interim between the original arrest and the trial due to the police's destruction of the substance and the State's violation of discovery, we conclude that the State's failure to retain the substance was not a violation of due process, as there is no indication in the record that the State destroyed the substance " 'in a calculated effort to circumvent the disclosure requirements established by *Brady v. Maryland* and its progeny.' " (Emphasis added.) (*People v. Jordan* (1984), 103 Ill. 2d 192, 211, 469 N.E.2d 569, quoting *California v. Trombetta* (1984), 467 U.S. 479, 488, 81 L. Ed. 2d 413, 422, 104 S. Ct. 2528, 2534; *Killian v. United States* (1961), 368 U.S. 231, 242, 7 L. Ed. 2d 256, 264-65, 82 S. Ct. 302, 308-09.) The United States Supreme Court has determined that unless a defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process. (*Arizona v. Youngblood* (1988), 488 U.S. 51, 102 L. Ed. 2d 281, 109 S. Ct. 333.) Although we can agree with defendant's contention that the evidence destroyed by the police possessed exculpatory value that was readily apparent, we believe that the significant evidence here was not the controlled substance itself; rather, the question becomes whether the results obtained from the samples in relation to the total amount of the substance involved were sufficient to prove defendant guilty beyond a reasonable doubt. Because of our disposition of the issue with regard to the sufficiency of the evidence to sustain defendant's conviction, we need not directly address the alleged errors of counsel for failure to independently inspect the substance and stipulation to the chemist's test results.

■ The general rule is that a chemist or technician need not test every capsule or every gram of a substance in order to give an opinion as to the whole. (*People v. Games* (1981), 94 Ill. App. 3d 130,

418 N.E.2d 520.) This rule is not without limitation and generally has been applied in cases where the contents of the containers or envelopes were combined before testing and the sample subjected to analysis was selected at random from the combined material (*People v. Jackson* (1985), 134 Ill. App. 3d 785, 481 N.E.2d 1222) or where testing was conducted in a random selection of the substance that was taken from each of the containers or bags. (See *People v. Saldana* (1986), 146 Ill. App. 3d 328, 496 N.E.2d 757; *People v. Yosell* (1977), 53 Ill. App. 3d 289, 368 N.E.2d 735.) We believe that the instant case falls within the exception as it is strikingly similar to the factual matrixes presented in *People v. Hill* (1988), 169 Ill. App. 3d 901, 524 N.E.2d 604, and *People v. Ayala* (1981), 96 Ill. App. 3d 880, 422 N.E.2d 127. In both *Hill* and *Ayala*, this court found that the defendants therein were not proved guilty beyond a reasonable doubt of the offense charged because the weight of the substances in bags that were not conclusively tested was counted by the trial court in determining the weight of the narcotics. *Hill*, 169 Ill. App. 3d at 911; *Ayala*, 96 Ill. App. 3d at 883.

In *Hill*, the court stated:

> "Where there is a lesser included offense for possessing a smaller amount, the weight of the substances containing a drug is an essential element of a charge of possession. [Citation.] The weight of the substance containing the drug must therefore be proved beyond a reasonable doubt. [Citation.] Where separate bags or containers of suspected drugs are seized, a sample from each bag or container must be conclusively tested to prove that it contains a controlled substance. [Citations.]"
> (*Hill*, 169 Ill. App. 3d at 911.)

Like the *Hill* court, in our opinion, the tests performed here were insufficient to prove beyond a reasonable doubt that more than 10 but less than 30 grams of the seized powder in fact contained cocaine. Similarly, a test here existed which would have proved beyond a reasonable doubt whether the powder in the untested two plastic bags or 57 paper packets contained cocaine, yet it was uncontroverted that the confirmatory analysis was performed on only 1.86 grams of the powder although the total weight of the powder was listed as 16.87 grams. See *Hill*, 169 Ill. App. 3d at 913; accord *People v. Maiden* (1991), 210 Ill. App. 3d 390, 569 N.E.2d 120.

Accordingly, we find that under the present circumstances, defendant was not proved guilty beyond a reasonable doubt of possession with intent to deliver more than 10 but not more than 30 grams of cocaine (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b)(2)), but was

proved guilty of possession with intent to deliver less than 10 grams of cocaine. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c).) We reach this decision even though the parties stipulated to the expert testimony of the police chemist (*cf. People v. Williams* (1990), 200 Ill. App. 3d 503, 558 N.E.2d 261) because in the context of the entire record here, the intentions of the parties in stipulating to the testimony and the reason for defense counsel's withdrawal of the request to test the substance are not readily ascertainable from the record.

For the reasons stated above, we modify the judgment of the circuit court convicting defendant of unlawful possession with intent to deliver of more than 10 but less than 30 grams of a controlled substance containing cocaine to a judgment convicting defendant of possession with intent to deliver less than 10 grams of a controlled substance containing cocaine. As modified, the judgment of the circuit court is affirmed, the sentence of eight years is vacated, and the maximum sentence of seven years is imposed. Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c).

Affirmed as modified.

CAMPBELL and O'CONNOR, JJ., concur.