THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CALD-
WELL BLACK, Defendant-Appellant.

First District (3rd Division)    No. 1—92—3701

Opinion filed June 29, 1994.

Rita A. Fry, Public Defender, of Chicago (Robert D. Glick, Assistant Pub-
lic Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Susan
Schierl, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a bench trial, defendant was convicted of possession of
a controlled substance with intent to deliver 1 gram or more but less
than 15 grams of a substance containing cocaine, and was sentenced
to four years' imprisonment.

On appeal defendant contends that he was not proved guilty beyond a reasonable doubt of possessing more than one gram of cocaine because the police chemist testified that she tested only 3 of 12 small packets of powder, weighing only .22 gram and there was no stipulation as to the content of the other nine packets.

We affirm.

Chicago police officer George H. McMurray testified that on September 13, 1991, at approximately 12:30 a.m., he was conducting a narcotics surveillance in the area of an abandoned building at 1606 South Trumbull in Chicago with other officers. Using binoculars, he observed defendant as he stood in front of a cab stand. Individuals approached defendant, engaged him in a brief conversation and tendered an unknown amount of cash to defendant, who then walked to a boarded-up window behind him and removed a piece of plywood. He next took a small object from a clear plastic bag in the building and handed the object to the person who had handed him the money. After observing three transactions during a 15-minute period, he radioed other officers, then retrieved the clear plastic bag he had seen. The bag contained 12 blue Ziploc packets, each containing a white rocky substance which he suspected was cocaine.

The parties stipulated that there was a proper chain of custody to the police laboratory analyst. The items received were 12 packets of powder in one large package with an estimated weight of 1.3 grams. She tested 3 of the 12 packets weighing .22 gram and had a positive showing of cocaine. Defense counsel immediately stated she stipulated to "the three tested."

Defendant contends the State did not prove his guilt of possession of more than one gram of cocaine because insufficient packets were examined by the chemist, who tested only 3 of the 12 packets and found these three to be positive for the presence of .22 gram of cocaine, and there was no stipulation concerning the contents of the other nine packets. Defendant asserts that where separate bags or containers of suspected drugs are seized, a sample from each bag or container must be conclusively tested to prove that it contained a controlled substance. (*People v. Hill* (1988), 169 Ill. App. 3d 901, 911, 524 N.E.2d 604.) Defendant also cites *People v. Ayala* (1981), 96 Ill. App. 3d 880, 422 N.E.2d 127, where two bags of suspected heroin weighing 19.35 grams and 15.32 grams were seized, but the police chemist testified he subjected a portion of the contents of only one bag to a definitive test. Likewise, in *People v. Games* (1981), 94 Ill. App. 3d 130, 418 N.E.2d 520, there were two bags, only one was tested and this was found insufficient.

The State relies on the proposition that a chemist need only test

random samples in order to be qualified to render an expert opinion as to the whole amount seized. *People v. Maiden* (1991), 210 Ill. App. 3d 390, 398-99, 569 N.E.2d 120; *People v. Kaludis* (1986), 146 Ill. App. 3d 888, 497 N.E.2d 360.

■ Where there is a lesser-included offense for possessing a smaller amount of a controlled substance, the weight of the substance containing a drug is an essential element of a possession charge, and the weight of the substance containing the drug must therefore be proved beyond a reasonable doubt. (*People v. Miller* (1991), 218 Ill. App. 3d 668, 670, 578 N.E.2d 1065.) On review, the relevant question is whether after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 461.

■ The State argues that the chemist was required to test only 3 of the 12 bags of cocaine because of the approval of random sampling in *Kaludis*, where the court said that the State need not count and weigh each individual capsule or tablet from every bag or container recovered from a defendant and that a chemist need only test random samples in order to be qualified to render an opinion as to the makeup of the entire substance before him. (*Kaludis*, 146 Ill. App. 3d 893-94.) We agree that if the chemist here had testified that her expert opinion was based upon a random sample, it would be permissible under *Kaludis* to draw the inference that all the packets, including those not tested, contained cocaine. The testimony would then be persuasive in the absence of conflicting evidence but the stipulation does not advise us if the random sample was employed. Accordingly, we must examine the stipulation.

Initially defense counsel stipulated only to the contents of the three packets tested. However, this restriction is not fatal to the State's proof. Defendant stipulated that the three bags tested contained cocaine. Defendant also stipulated to the expertise of the chemist. Under these circumstances, we believe it is fair to conclude from the stipulation that the expert analyst followed basic scientific procedure such as random sampling. We also note the trial court's specific finding that the 12 packets were similar. Moreover, these packets were found together and, according to the officer's testimony which the court explicitly found was truthful, the packets were a stash which defendant was using to make sales of cocaine. Such facts can certainly support an inference that all of the bags contained a controlled substance.

We extend the scope of the rule in *Kaludis* to include expert opinion on the nature of a substance based upon random sampling that is not in pill or capsule form.

There is not reasonable doubt as to defendant's guilt. Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

TULLY, P.J., and RIZZI, J., concur.