THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TONY JONES, Defendant-Appellant.

First District (6th Division)    No. 1—94—0566

Opinion filed December 8, 1995.

Rita A. Fry, Public Defender, of Chicago (Beth Ilyse Solomon, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Faustmann, and Arunas R. Buntinas, Assistant State's Attorneys, of counsel), for the People.

JUSTICE ZWICK delivered the opinion of the court:

Following a bench trial, defendant Tony Jones was found guilty of possessing, with the intent to deliver, more than 1 but less than 15 grams of a substance containing cocaine. On appeal, defendant argues that the State failed to prove beyond a reasonable doubt that he possessed more than .59 grams of a substance containing cocaine.

The evidence adduced at trial established that when he was arrested, defendant had in his possession five packets of a white rocky substance. The total weight of all five of the packets was 1.4 grams. The State subjected two randomly selected packets, with a combined weight of .59 grams, to laboratory tests to determine their substance. Defendant stipulated to the results of the laboratory tests conducted on the two packets, which revealed the two packets contained cocaine. The remaining three packets were not tested.

It is well established that when a defendant is charged with possession of a certain amount of a controlled substance with the intent to deliver and there is a lesser included offense for possessing a smaller quantity, the weight of the substance containing the drug is an essential element of the crime charged and must be proved beyond a reasonable doubt. (*People v. Williams* (1994), 267 Ill. App. 3d 870, 879, 642 N.E.2d 814; *People v. Hill* (1988), 169 Ill. App. 3d 901, 911, 524 N.E.2d 604.) Although the chemist need not test every gram of a substance to give an opinion as to the whole, where the substance is packaged in separate bags or containers, tests must be conducted on a sample from each bag or container in order to establish that a particular bag contained a controlled substance. *Williams*, 267 Ill. App. 3d at 879; *People v. Young* (1991), 220 Ill. App. 3d 488, 581 N.E.2d 241; *Hill*, 169 Ill. App. 3d at 911; *People v. Ayala* (1981), 96 Ill. App. 3d 880, 882-83, 422 N.E.2d 127; *People v. Games* (1981), 94 Ill. App. 3d 130, 131, 418 N.E.2d 520.

The State argues that it was not required to have each of the five

packets tested because the trier of fact could infer, from the results of the laboratory tests performed on two of the packets, that the remaining three packets also contained cocaine. In support of this argument, the State relies upon the opinion in *People v. Black* (1994), 264 Ill. App. 3d 875, 638 N.E.2d 233, which extended the rule expressed in *People v. Kaludis* (1986), 146 Ill. App. 3d 888, 497 N.E.2d 360. We find the State's argument unpersuasive.

In *Kaludis*, the trial court found that all of the tablets recovered from the defendant were homogenous, having the same size, shape, color and density. (*Kaludis*, 146 Ill. App. 3d at 892.) In addition, because all of the tablets seized bore identical lettering characteristics, bevelling and scoring, it was established by expert testimony that they were manufactured on the same tablet press with the same set of dies. (*Kaludis*, 146 Ill. App. 3d at 892.) In light of this finding, the court held that the trier of fact could infer, from a testing of a random sample, that all of the tablets recovered from the defendant consisted of a counterfeit controlled substance. *Kaludis*, 146 Ill. App. 3d at 895-96.

Although we agree with the holding in *Kaludis*, we find the extension set forth in *Black* to be overly broad. In *Black*, the court extended the scope of the rule enunciated in *Kaludis* to substances which are not in pill or capsule form where the packets are "similar." Thus, the court, in *Black*, has extended to "similar" packets the principle established by *Kaludis* for pills which were identical in every particular. We believe the opinion in *Black* represents an unwarranted departure from the long-standing rule requiring the State to test an adequate number of samples with a sufficient combined weight to establish the elements of the offense.

The State has the burden of proving beyond a reasonable doubt every material element of the crime charged. In the instant case, the State failed to prove that the defendant possessed, with the intent to deliver, more than one gram of cocaine. Rather, the State proved only that defendant possessed .59 grams of a substance containing cocaine.

For the foregoing reasons, the defendant's conviction is reduced from a Class 1 to a Class 2 felony, and his sentence is reduced from six to four years.

Reversed and reduced.

McNAMARA, P.J., and RAKOWSKI, J., concur.