(No. 80405.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. TONY JONES, Appellee.

*Opinion filed December 19, 1996.*

MILLER, J., joined by BILANDIC, C.J., dissenting.

James E. Ryan, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Arleen

C. Anderson, Assistant Attorney General, of Chicago, and Renee Goldfarb, Kenneth T. McCurry, Alan J. Spellberg, Kalina M. Tulley, Susan R. Schierl and Robert Robertson, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (James H. Reddy, Assistant Defender, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Tony Jones, was arrested for the possession of five separate packets containing a white rocky substance which the police believed to be a controlled substance. The State selected two of the five packets and tested their contents. The contents of the remaining three packets were not tested. Results of the two packets tested showed the presence of cocaine. Notably, the two packets tested weighed a combined total of 0.59 grams while the total weight of all five packets was 1.4 grams. Defendant was tried and convicted of possession with intent to deliver 1.4 grams of cocaine, a Class 1 felony. 720 ILCS 570/401(c)(2) (West 1992). The appellate court reversed, finding that the evidence only supported defendant's possession of 0.59 grams of cocaine, with intent to deliver, a Class 2 felony. 720 ILCS 570/401(d) (West 1992). Accordingly, the appellate court reduced his conviction from a Class 1 to a Class 2 felony and reduced his sentence from six years to four years. 276 Ill. App. 3d 926. We affirm.

## ANALYSIS

When a defendant is charged with possession of a specific amount of an illegal drug with intent to deliver and there is a lesser included offense of possession of a smaller amount, then the weight of the seized drug is an essential element of the crime and must be proved

beyond a reasonable doubt. *People v. Williams*, 267 Ill. App. 3d 870, 879 (1994). A chemist, however, generally need not test every sample seized in order to render an opinion as to the makeup of the substance of the whole. *People v. Maiden*, 210 Ill. App. 3d 390, 398 (1991). Rather, random testing is permissible when the seized samples are sufficiently homogenous so that one may infer beyond a reasonable doubt that the untested samples contain the same substance as those that are conclusively tested. *People v. Hill*, 169 Ill. App. 3d 901, 912 (1988). This rule is based in reason and practicality.

In *People v. Kaludis*, 146 Ill. App. 3d 888, 891-92 (1986), for example, a forensic chemist visually examined 100 tablets and determined that they had identical markings, lettering characteristics, bevelling, and scoring. Based on this visual examination, the chemist opined that all the tablets were manufactured on the same tablet press with the same set of dies. *Kaludis*, 146 Ill. App. 3d at 892. Subsequent chemical test results of three of the tablets established the presence of a controlled substance, which led the expert to testify that all 100 tablets contained the same controlled substance. *Kaludis*, 146 Ill. App. 3d at 892.

However, when such samples are not sufficiently homogenous, a portion from each container or sample must be tested in order to determine the contents of each container or sample. See *People v. Williams*, 267 Ill. App. 3d 870 (1994); *People v. Young*, 220 Ill. App. 3d 488 (1991); *People v. Hill*, 169 Ill. App. 3d 901 (1988); *People v. Games*, 94 Ill. App. 3d 130 (1981); *People v. Ayala*, 96 Ill. App. 3d 880 (1981). In the instant case, defendant possessed five packets, each containing a white rocky substance. While the chemist looked at all the packets and weighed them individually, she selected only two packets for chemical analysis. The two packets tested showed the presence of cocaine and weighed a combined total of 0.59 grams.

What inference can be drawn concerning the composition of the three packets not tested? Without more, the answer is none at all. And in this case, the five packets containing loose substances cannot be equated with identically marked and stamped tablets, pills, or capsules. While it is not difficult to speculate, as did the trial judge, that the remaining three packets may have contained cocaine, such a finding must be based on evidence and not upon guess, speculation, or conjecture. Quite simply, the chemist failed to test a sufficient number of packets to prove beyond a reasonable doubt that defendant possessed one gram or more of cocaine.

Look-alike substances (pseudo narcotics) are sold with such regularity that the legislature has drafted a criminal statute proscribing their sale. 720 ILCS 570/404 *et seq.* (West 1992). Whether the untested packets in the instant case may have contained cocaine or mere look-alike substances is pure conjecture. The State was in the best position to answer this question; it had the seized packets and could have easily tested a sample from each. This it did not do. Thus the State did not meet its burden of proof of guilt beyond a reasonable doubt as to the untested packets.

Accordingly, the appellate court's judgment reducing defendant's Class 1 felony to a Class 2 felony and his sentence from six years to four years is hereby affirmed.

*Appellate court judgment affirmed.*

JUSTICE MILLER, dissenting:

Unlike the majority, I believe that the State presented sufficient evidence to establish the defendant's guilt of the charged offense of possession with intent to deliver more than one gram but less than 15 grams of cocaine. In the circumstances shown here, the tests performed on two of the five plastic packets found together in a single bag in the defendant's possession

were adequate to establish the contents of all five packets, and the judge at the bench trial below was entitled to infer from the evidence that the defendant was guilty of an offense involving the greater amount of contraband.

In requiring direct rather than circumstantial evidence of the contents of each packet, the majority ignores the rationale for the rule to which this decision will stand as an exception. The majority acknowledges that proof by random sampling may be used for tablets, pills, or capsules, yet the majority refuses to allow the same process of proof when contraband is divided among plastic packets, as it was here. There is no reason to allow random sampling in one case and not the other, however. The same considerations of "reason and practicality" (174 Ill. 2d at 429) that permit the use of sampling when contraband takes the form of tablets, pills, or capsules also warrant its use when contraband is found in plastic packets or other, similar, containers. See *People v. Black*, 264 Ill. App. 3d 875, 877 (1994). Indeed, the contents of capsules can be as variable as the contents of the plastic packets involved in this case. In either event, tests of randomly selected samples may provide circumstantial evidence of the contents of the remaining items.

The strength of the inference of guilt will depend, of course, on the circumstances in the case, including the size and appearance of the items involved and the manner in which they were kept by the defendant or made available for distribution. Dissimilarities in the size or appearance of the containers or in the manner in which they were grouped, for example, might suggest that their contents are also dissimilar. In the present case, all five plastic packets were kept together in a single bag, and the defendant does not point to any feature that distinguished the two packets that were tested from the three that were not.

In support of its decision, the majority also notes the existence of look-alike drugs and the separate statute proscribing their sale, suggesting that untested samples might actually comprise a look-alike substance rather than the drug alleged in the charge. The same objection can be raised, however, when the contraband is in one of the forms for which the majority would allow proof by random sampling. Tablets, pills, and capsules can also be look-alike substances.

Finally, our recent decision in *People v. Robinson*, 167 Ill. 2d 397 (1995), is not to the contrary. The court in that case merely noted the line of appellate court authority under which "a sample from each separate bag or container must be tested to prove that it contains a controlled substance." *Robinson*, 167 Ill. 2d at 409. *Robinson* did not find it necessary to resolve the issue raised here.

I believe that there was sufficient proof of the defendant's guilt of the charged offense, and I would therefore affirm the defendant's conviction. There is no reason to require the State in cases such as this to test the contents of each of the items the defendant has in his possession. Random sampling can provide circumstantial evidence of guilt, the strength of which will vary from case to case. Today's decision simply imposes an unnecessary burden on the State, making more difficult the prosecution of offenders who are found with contraband divided among multiple bags, packets, or other containers that, under the majority's rule, must now be tested individually.

CHIEF JUSTICE BILANDIC joins in this dissent.