THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALI C. HALL, Defendant-Appellant.

Third District    No. 3—97—0290

Opinion filed July 29, 1999.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, and John F. Klunk, of Lockport, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin

and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KOEHLER delivered the opinion of the court:

A Rock Island County jury convicted the defendant, Ali C. Hall, of unlawful possession with intent to deliver more than 1 but less than 15 grams of a controlled substance within 1,000 feet of a school (720 ILCS 570/401(c)(2), 407(b)(1) (West 1996)) and obstruction of justice (720 ILCS 5/31—4 (West 1996)). The defendant now appeals only his conviction on the controlled substance charge. We must answer the following question: Was the State's evidence sufficient to prove that the defendant was guilty beyond a reasonable doubt of the charged offense when it randomly tested 6.4 grams of a white rocky substance of questionable homogeneity? Because we conclude that the State proved only that the defendant was guilty of unlawful possession with intent to deliver less than one gram of cocaine within 1,000 feet of a school zone in violation of section 407(b)(2) (720 ILCS 570/407(b)(2) (West 1996)), we affirm as modified and remand.

## I. FACTS

Rock Island police were surveying a parking lot where drug transactions were suspected, when the police observed the defendant, Ali Hall, get into a car driven by Edward Collier that had pulled into and out of the parking lot where the defendant had been standing. An officer communicated his observations to two fellow officers in another car who caught up with Collier's car as it made an unsignaled right turn. When the officers attempted to effectuate a traffic stop, the defendant jumped out of the car and ran between two houses, and the officers gave chase. One officer saw the defendant lower his clenched fist to the ground, open it, and throw something to the ground. The other officer saw the defendant slapping his hands together.

The officers searched the area between the houses where the defendant had run and recovered a wadded $20 bill and 30 to 40 small, white, rock-like items believed to be crack cocaine. After placing the substance into an evidence bag, both officers acknowledged that there was other "white stuff" in the area, which they described as possibly paint chips or mortar, but they denied picking up any paint chips or mortar.

Collier told police that he had seen the defendant put his hand in his pants pocket and remove something before jumping from his vehicle. A search of Collier's car revealed an empty plastic baggie on the passenger side that had been ripped open.

At the State Police crime lab, a forensic chemist weighed the contents of the evidence bag and then tested less than one milligram

of the powder residue. He did not, however, test any of the 30 to 40 individual samples. The chemist opined that the white rock/powder substance was 6.4 grams of cocaine base.

A jury convicted the defendant of unlawful possession with intent to deliver more than 1 but less than 15 grams of a controlled substance within 1,000 feet of a school (720 ILCS 570/401(c)(2), 407(b)(1) (West 1996)) and obstruction of justice (720 ILCS 5/31—4 (West 1996)). Accordingly, the circuit court sentenced the defendant to concurrent terms of imprisonment of 10 years and 3 years. He now appeals his conviction on the controlled substance charge.

## II. ANALYSIS

The defendant, relying on *People v. Jones*, 174 Ill. 2d 427, 675 N.E.2d 99 (1996), argues that the State failed to prove beyond a reasonable doubt that he possessed more than one gram of cocaine. He maintains that the individual samples were of doubtful homogeneity and, as such, were analogous to the individual packets in *Jones*. Moreover, he argues that each of the samples should have been tested, otherwise, overwhelming doubt exists that the samples were sufficiently homogeneous for one to infer beyond a reasonable doubt that the untested samples contain the same substance as the residue that was conclusively tested.

■ It is well settled that when a defendant is charged with possession of a specific amount of a controlled substance with intent to deliver and there is a lesser-included offense of possession of a smaller amount, the weight of the seized drug is an essential element of the crime and must be proved beyond a reasonable doubt. *Jones*, 174 Ill. 2d at 428-29, 675 N.E.2d at 100. See also *People v. Robinson*, 167 Ill. 2d 397, 409, 657 N.E.2d 1020, 1027 (1995). The State need not prove that all of the suspected illegal substance was tested as long as the amount tested was sufficient to establish the minimum amount needed to prove the charge against the defendant. See *Robinson*, 167 Ill. 2d at 410, 657 N.E.2d at 1027.

■ Although every sample seized generally need not be tested in order to render an opinion as to the makeup of the substance as a whole, random testing is permitted only when "the seized samples are sufficiently homogeneous so that one may infer beyond a reasonable doubt that the untested samples contain the same substance as those that are conclusively tested." *Jones*, 174 Ill. 2d at 429, 675 N.E.2d at 100. When the samples are not sufficiently homogeneous, a portion from each container or sample must be tested to ascertain its contents. *Jones*, 174 Ill. 2d at 429, 675 N.E.2d at 101.

In *Jones*, the defendant was arrested for the possession of five sep-

arate packets containing a white rocky substance which the police believed to be a controlled substance. The State tested the contents of two of the packets but did not test the remaining three packets. The results of the two tested packets showed the presence of cocaine. Notably, while the two tested packets weighed a combined total of 0.59 grams, the total weight of all five packets was 1.4 grams. The defendant was subsequently convicted of possession with intent to deliver 1.4 grams of cocaine. Although the defendant had not pointed to any feature at trial that distinguished the two tested packets from the other three packets, the appellate court refused to depart from the long-standing rule requiring the State to test an adequate number of samples with a sufficient combined weight to establish the elements of the offense and reversed after concluding that the evidence only supported the defendant's possession of 0.59 grams of cocaine with intent to deliver. Our supreme court affirmed. *Jones*, 174 Ill. 2d at 430, 675 N.E.2d at 101.

■ The circumstances that lead us to question whether random testing is appropriate in the instant case are even more compelling than those in *Jones*. First, the samples at issue were contained in one plastic baggie that the defendant ripped open, emptied into his hand, and then stuffed into his pants pocket, which likely contained any number of other items. Second, during his flight from police, the defendant threw the substance from his pocket, scattering it onto the wet, grass-covered ground. Thus, when the police scooped the substance into an evidence bag, they had to distinguish it from possible paint chips and mortar. Accordingly, whether the untested samples at issue contained cocaine or one of the common street lookalike substitutes for cocaine (chalk, drywall, soap chips, paint chips or mortar) is conjecture because the chemist did not test any of the samples.

Under these circumstances, can the inference be drawn that the 30 to 40 samples not tested are cocaine? We think not. In *People v. Kaludis*, 146 Ill. App. 3d 888, 892, 497 N.E.2d 360, 365 (1986), the circuit court concluded that the tablets recovered from the defendant were homogeneous, having the same size, shape, color, and density and, moreover, bore identical lettering characteristics, beveling and scoring such that expert testimony established they were manufactured on the same tablet press with the same set of dies. In light of these facts, the circuit court held that the trier of fact could infer from the testing of a random sample that all of the tablets recovered from the defendant consisted of a counterfeit controlled substance and were in fact homogeneous. *Kaludis*, 146 Ill. App. 3d at 895-96, 497 N.E.2d at 365. Conversely, the white rocks of various sizes and shapes that our

defendant pulled from his pocket and scattered at random into a debris-strewn, open, outdoor area cannot be equated with identically marked and stamped tablets, pills, or capsules. See *Kaludis*, 146 Ill. App. 3d 888, 497 N.E.2d 360.

While it is not difficult to understand why the chemist testified that he "presumed," based upon his testing of the residue, that the 30 to 40 "rocks" were cocaine, such a determination must be based upon "evidence and not upon guess, speculation, or conjecture." *Jones*, 174 Ill. 2d at 430, 675 N.E.2d at 101. Indeed, the strength of the inference of the defendant's guilt depends upon the circumstances of the case. It is readily apparent that, under the circumstances in the instant case, the State needed to test a sufficient number of samples to show beyond a reasonable doubt that the defendant possessed one or more grams of cocaine (*Jones*, 174 Ill. 2d at 430, 675 N.E.2d at 101) because the State knew the defendant scattered the substance on the ground so that it was no longer in one packet and the police had seized the samples by distinguishing them from "other white stuff" in the area. The State had the burden of proof and was in the best position to test the individual samples to determine whether the untested samples were cocaine or look-alike substances. *Jones*, 174 Ill. 2d at 430, 675 N.E.2d at 101. Accordingly, we conclude that the State did not meet its burden of proof beyond a reasonable doubt as to the untested rocks.

Indeed, the State tested less than a milligram of the residue, thus proving only that the defendant possessed less than one gram of cocaine. As a result, we affirm the defendant's conviction as modified to unlawful possession with intent to deliver less than one gram of cocaine within 1,000 feet of a school, the lesser-included offense. See 720 ILCS 570/401(d), 407(b)(2) (West 1996).

## III. CONCLUSION

In sum, we conclude that: (1) the State did not meet its burden of proof beyond a reasonable doubt as to the untested samples for the charged offense of unlawful possession with intent to deliver more than 1 but less than 15 grams of a controlled substance; and (2) the State's evidence proved only that the defendant possessed less than one gram of cocaine. Accordingly, we affirm the defendant's conviction but modify to unlawful possession with intent to deliver less than one gram of a controlled substance within 1,000 feet of a school zone in violation of sections 401(d) and 407(b)(2) (720 ILCS 570/401(d), 407(b)(2) (West 1996)) and remand for resentencing.

Affirmed as modified and remanded.

HOLDRIDGE, P.J., and HOMER, J., concur.