NOTICE: Under Supreme Court Rule 367 a party has 21 days after

the filing of the opinion to request a rehearing. Also, opinions

are subject to modification, correction or withdrawal at anytime

prior to issuance of the mandate by the Clerk of the Court.

Therefore, because the following slip opinion is being made

available prior to the Court's final action in this matter, it

cannot be considered the final decision of the Court. The

official copy of the following opinion will be published by the

Supreme Court's Reporter of Decisions in the Official Reports

advance sheets following final action by the Court.

                                    

              Docket No. 80405--Agenda 13--September 1996.

     THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. TONY JONES,

                                Appellee.

                    Opinion filed December 19, 1996.

                                    

     JUSTICE HEIPLE delivered the opinion of the court:

     Defendant, Tony Jones, was arrested for the possession of five

separate packets containing a white rocky substance which the

police believed to be a controlled substance. The State selected

two of the five packets and tested their contents. The contents of

the remaining three packets were not tested. Results of the two

packets tested showed the presence of cocaine. Notably, the two

packets tested weighed a combined total of 0.59 grams while the

total weight of all five packets was 1.4 grams. Defendant was tried

and convicted of possession with intent to deliver 1.4 grams of

cocaine, a Class 1 felony. 720 ILCS 570/401(c)(2) (West 1992). The

appellate court reversed, finding that the evidence only supported

defendant's possession of 0.59 grams of cocaine, with intent to

deliver, a Class 2 felony. 720 ILCS 570/401(d) (West 1992).

Accordingly, the appellate court reduced his conviction from a

Class 1 to a Class 2 felony and reduced his sentence from six years

to four years. 276 Ill. App. 3d 926. We affirm.

                                 ANALYSIS

     When a defendant is charged with possession of a specific

amount of an illegal drug with intent to deliver and there is a

lesser included offense of possession of a smaller amount, then the

weight of the seized drug is an essential element of the crime and

must be proved beyond a reasonable doubt. People v. Williams, 267

Ill. App. 3d 870, 879 (1994). A chemist, however, generally need

not test every sample seized in order to render an opinion as to

the makeup of the substance of the whole. People v. Maiden, 210

Ill. App. 3d 390, 398 (1991). Rather, random testing is permissible

when the seized samples are sufficiently homogenous so that one may

infer beyond a reasonable doubt that the untested samples contain

the same substance as those that are conclusively tested. People v.

Hill, 169 Ill. App. 3d 901, 912 (1988). This rule is based in

reason and practicality.

     In People v. Kaludis, 146 Ill. App. 3d 888, 891-92 (1986), for

example, a forensic chemist visually examined 100 tablets and

determined that they had identical markings, lettering

characteristics, bevelling, and scoring. Based on this visual

examination, the chemist opined that all the tablets were

manufactured on the same tablet press with the same set of dies.

Kaludis, 146 Ill. App. 3d at 892. Subsequent chemical test results

of three of the tablets established the presence of a controlled

substance, which led the expert to testify that all 100 tablets

contained the same controlled substance. Kaludis, 146 Ill. App. 3d

at 892.

     However, when such samples are not sufficiently homogenous, a

portion from each container or sample must be tested in order to

determine the contents of each container or sample. See People v.

Williams, 267 Ill. App. 3d 870 (1994); People v. Young, 220 Ill.

App. 3d 488 (1991); People v. Hill, 169 Ill. App. 3d 901 (1988);

People v. Games, 94 Ill. App. 3d 130 (1981); People v. Ayala, 96

Ill. App. 3d 880 (1981). In the instant case, defendant possessed

five packets, each containing a white rocky substance. While the

chemist looked at all the packets and weighed them individually,

she selected only two packets for chemical analysis. The two

packets tested showed the presence of cocaine and weighed a

combined total of 0.59 grams.

     What inference can be drawn concerning the composition of the

three packets not tested? Without more, the answer is none at all.

And in this case, the five packets containing loose substances

cannot be equated with identically marked and stamped tablets,

pills, or capsules. While it is not difficult to speculate, as did

the trial judge, that the remaining three packets may have

contained cocaine, such a finding must be based on evidence and not

upon guess, speculation, or conjecture. Quite simply, the chemist

failed to test a sufficient number of packets to prove beyond a

reasonable doubt that defendant possessed one gram or more of

cocaine.

     Look-alike substances (pseudo narcotics) are sold with such

regularity that the legislature has drafted a criminal statute

proscribing their sale. 720 ILCS 570/404 et seq. (West 1992).

Whether the untested packets in the instant case may have contained

cocaine or mere look-alike substances is pure conjecture. The State

was in the best position to answer this question; it had the seized

packets and could have easily tested a sample from each. This it

did not do. Thus the State did not meet its burden of proof of

guilt beyond a reasonable doubt as to the untested packets.

     Accordingly, the appellate court's judgment reducing

defendant's Class 1 felony to a Class 2 felony and his sentence

from six years to four years is hereby affirmed.

Appellate court judgment affirmed.

                                                                         

     JUSTICE MILLER, dissenting:

     Unlike the majority, I believe that the State presented

sufficient evidence to establish the defendant's guilt of the

charged offense of possession with intent to deliver more than one

gram but less than 15 grams of cocaine. In the circumstances shown

here, the tests performed on two of the five plastic packets found

together in a single bag in the defendant's possession were

adequate to establish the contents of all five packets, and the

judge at the bench trial below was entitled to infer from the

evidence that the defendant was guilty of an offense involving the

greater amount of contraband.

     In requiring direct rather than circumstantial evidence of the

contents of each packet, the majority ignores the rationale for the

rule to which this decision will stand as an exception. The

majority acknowledges that proof by random sampling may be used for

tablets, pills, or capsules, yet the majority refuses to allow the

same process of proof when contraband is divided among plastic

packets, as it was here. There is no reason to allow random

sampling in one case and not the other, however. The same

considerations of "reason and practicality" (slip op. at 1) that

permit the use of sampling when contraband takes the form of

tablets, pills, or capsules also warrant its use when contraband is

found in plastic packets or other, similar, containers. See People

v. Black, 264 Ill. App. 3d 875, 877 (1994). Indeed, the contents of

capsules can be as variable as the contents of the plastic packets

involved in this case. In either event, tests of randomly selected

samples may provide circumstantial evidence of the contents of the

remaining items.

     The strength of the inference of guilt will depend, of course,

on the circumstances in the case, including the size and appearance

of the items involved and the manner in which they were kept by the

defendant or made available for distribution. Dissimilarities in

the size or appearance of the containers or in the manner in which

they were grouped, for example, might suggest that their contents

are also dissimilar. In the present case, all five plastic packets

were kept together in a single bag, and the defendant does not

point to any feature that distinguished the two packets that were

tested from the three that were not.

     In support of its decision, the majority also notes the

existence of look-alike drugs and the separate statute proscribing

their sale, suggesting that untested samples might actually

comprise a look-alike substance rather than the drug alleged in the

charge. The same objection can be raised, however, when the

contraband is in one of the forms for which the majority would

allow proof by random sampling. Tablets, pills, and capsules can

also be look-alike substances.

     Finally, our recent decision in People v. Robinson, 167 Ill.

2d 397 (1995), is not to the contrary. The court in that case

merely noted the line of appellate court authority under which "a

sample from each separate bag or container must be tested to prove

that it contains a controlled substance." Robinson, 167 Ill. 2d at

409. Robinson did not find it necessary to resolve the issue raised

here.

     I believe that there was sufficient proof of the defendant's

guilt of the charged offense, and I would therefore affirm the

defendant's conviction. There is no reason to require the State in

cases such as this to test the contents of each of the items the

defendant has in his possession. Random sampling can provide

circumstantial evidence of guilt, the strength of which will vary

from case to case. Today's decision simply imposes an unnecessary

burden on the State, making more difficult the prosecution of

offenders who are found with contraband divided among multiple

bags, packets, or other containers that, under the majority's rule,

must now be tested individually.

     CHIEF JUSTICE BILANDIC joins in this dissent.