# Illinois Official Reports

## Appellate Court

---

### *People v. Miramontes*, 2018 IL App (1st) 160410

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARLOS MIRAMONTES, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-16-0410 |
| Filed | September 28, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CR-4699; the Hon. Matthew E. Coghlan, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Daniel T. Mallon, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and Whitney Bond, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Presiding Justice Delort and Justice Hoffman concurred in the judgment and opinion. |

**OPINION**

¶ 1     Following a 2015 bench trial, the defendant-appellant, Carlos Miramontes, was convicted of possession of between 400 and 900 grams of methamphetamine (720 ILCS 646/60(b)(5) (West 2012)) and sentenced to nine years' imprisonment. On appeal, the defendant contends that his conviction should be reduced from a Class X to a Class 3 felony because the State failed to prove that he possessed between 400 and 900 grams of a substance containing methamphetamine. He also contends that his defense counsel was ineffective for stipulating to the weight of the substance containing methamphetamine. Both contentions rest upon trial testimony that the nonhomogenous substance recovered by police was commingled prior to testing. For the reasons stated below, we reverse the defendant's conviction and sentence and remand the case to the circuit court of Cook County for a new trial.

¶ 2                                    BACKGROUND

¶ 3     On or about February 11, 2013, the defendant was charged with possession of 400 or more grams, but less than 900 grams, of a substance containing methamphetamine with the intent to deliver.

¶ 4     At trial, the State offered evidence that customs authorities told the police of a parcel being shipped, according to the label, to "Carlos Montes" at a particular address in Illinois. The police took the parcel to the police station, where a drug-sniffing dog "made a positive alert." The police opened the parcel, which contained a saddle of leather and plaster. Police sawed open the saddle, revealing three taped-up plastic bags imbedded in the plaster. The bags contained "clear with a tint of whitish" crystallized rocks that police believed to be methamphetamine. In sawing open the saddle, the bags were destroyed, so police put the substance from all three bags into a single plastic bag that they then placed in the parcel under the saddle. They inserted a device in the parcel that would send a radio signal when a wire was broken by opening the parcel. They then resealed the parcel.

¶ 5     An officer in a parcel-delivery uniform delivered the parcel to the address on the label, which was a single-family home. The defendant took the parcel from the officer at the front gate of the home and returned inside the home. A little over an hour later, the device signaled that the wire had been broken, and police entered the home. An officer saw the defendant try to hide the parcel under the back porch of the home. The defendant then ran back into the home, where he was arrested. Police recovered the parcel, which had only one flap open. The saddle and suspected methamphetamine were still inside.

¶ 6     The parties stipulated that police recovered and inventoried a parcel holding a saddle that "contained a white crystalline substance, suspect methamphetamine." They further stipulated that a forensic chemist at the Illinois State Police crime laboratory received the sealed item, weighed and tested the crystalline substance, and found it to be 415 grams of a substance containing methamphetamine.

¶ 7     At trial, defense counsel repeatedly argued that there was no evidence that the defendant knowingly possessed methamphetamine. The court subsequently found the defendant guilty of possession of between 400 and 900 grams of methamphetamine, a Class X felony due to the weight of the methamphetamine.

¶ 8       In his posttrial motion, defense counsel again argued that there was no evidence that the defendant knowingly possessed methamphetamine. Following arguments, the court denied the motion and sentenced the defendant to nine years' imprisonment.

¶ 9       The defendant filed a notice of appeal, alleging that the State failed to prove he possessed between 400 and 900 grams of a substance containing methamphetamine and that his defense counsel rendered ineffective assistance of counsel when he stipulated to the weight of the substance. Both contentions rested upon witness testimony that the nonhomogenous substance recovered by police, which was originally in three separate bags, was commingled into one bag prior to testing, making it "impossible to know whether each of the bags contained methamphetamine, or whether the officers mixed what was mostly a legal substance with a small amount of methamphetamine to create 415 grams of a 'substance containing methamphetamine.' " In an unpublished order in accordance with Illinois Supreme Court Rule 23 (eff. Apr. 1, 2018), this court affirmed the judgment of the trial court, holding that the State did not fail to prove beyond a reasonable doubt that the defendant possessed between 400 and 900 grams of methamphetamine. In that order, we declined to consider the defendant's ineffective assistance of counsel claim as we found there was an insufficient record. The defendant subsequently filed a petition for rehearing, requesting that this court remand his case to the circuit court of Cook County for an evidentiary hearing to determine whether his trial counsel rendered ineffective assistance. We granted the defendant's petition for rehearing, withdrew our Rule 23 order, and requested that the parties submit supplemental briefing, which we have now considered.

¶ 10                                    ANALYSIS

¶ 11       We note that we have jurisdiction to review this matter, as the defendant filed a timely notice of appeal and a timely petition for rehearing. Ill. S. Ct. R. 603 (eff. Feb. 6, 2013); R. 606 (eff. July 1, 2017); R. 367 (eff. Nov. 1, 2017); R. 612(b)(14) (eff. July 1, 2017).

¶ 12       On appeal, the defendant contends that his conviction should be reduced from a Class X to a Class 3 felony, the lowest class of possessory offenses for methamphetamine, because the State failed to prove that he possessed between 400 and 900 grams of a substance containing methamphetamine. He bases that claim on testimony that the nonhomogenous substance recovered by police in three separate bags was commingled into one bag prior to testing, making it impossible to determine the exact amount of methamphetamine present. The defendant also contends that his trial counsel rendered ineffective assistance by stipulating to the weight of the substance despite knowing that the substance had been commingled before testing. The defendant requests that this court either reduce his conviction to a Class 3 felony or remand his case to the trial court for an evidentiary hearing to determine whether his defense counsel was ineffective. Because we find the ineffective assistance of counsel issue to be dispositive, we turn to it first.

¶ 13       Claims of ineffective assistance of counsel are reviewed through a two-part test that was announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by our supreme court. *People v. Burrows*, 148 Ill. 2d 196, 232 (1992). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate both that (1) counsel's performance was objectively unreasonable under prevailing professional norms and (2) the defendant was prejudiced thereby. *People v. Veach*, 2017 IL 120649, ¶ 30 (citing *People v. Domagala*, 2013 IL 113688, ¶ 36). A defendant must overcome the strong

presumption that the challenged action or inaction of counsel was the product of sound trial strategy and not incompetence. *People v. King*, 316 Ill. App. 3d 901, 913 (2000). We review claims of ineffective assistance of counsel *de novo*. *People v. Demus*, 2016 IL App (1st) 140420, ¶ 21.

¶ 14        In support of his argument, the defendant stresses that in *People v. Jones*, 174 Ill. 2d 427, 429 (1996), our supreme court held that when substance samples are not sufficiently homogenous, a portion from each container or sample must be tested in order to determine the contents of each container or sample. In arguing that his defense counsel failed to hold the State to that burden of proof, he directs us to *People v. Coleman*, 2015 IL App (4th) 131045. In *Coleman*, an officer tested the contents of only 1 of 15 bags and found it to be cocaine before dumping the contents of the 15 bags into a single evidence bag. *Id.* ¶ 2. However, the parties stipulated that the content of the evidence bag was 926 grams of cocaine. *Id.* The defendant was then convicted of delivering more than 900 grams or more of a substance containing cocaine. *Id.* ¶ 1. On appeal, this court reversed the third-stage dismissal of his petition for postconviction relief in which he alleged ineffective assistance of counsel. We held that defense counsel rendered ineffective representation by stipulating to the contents of all 15 bags when only 1 had been tested. *Id.* ¶¶ 83-86. In so holding, we stated:

> "In short, to prove, beyond a reasonable doubt, that each of the 15 bags contained cocaine, there was no way around *Jones*'s requirement of chemically testing the contents of each bag—unless a stipulation freed the State from that requirement. That is what the stipulation did, and it was prejudicial to the defense." *Id.* ¶ 83.

¶ 15        The State counters that defense counsel here had a clear strategy of challenging the knowledge element of the offense and that the stipulation fell squarely into that strategy. We are not persuaded by this argument. While it is clear from the record that defense counsel's strategy was to challenge whether the defendant knowingly possessed the methamphetamine, that strategy did not require defense counsel to stipulate to the weight of the substance. The *knowledge* element of the offense is an entirely separate element from the *weight* of the substance, and challenging one of those elements did not preclude defense counsel from challenging the other. Had defense counsel not stipulated to the weight, but had instead compelled the State to prove the weight by calling the chemist to testify to the details of testing the substance, it would not have interfered with his strategy of challenging the knowledge element.

¶ 16        Although we cannot preclude the possibility that the chemist here would testify to testing all or most of the entire crystalline substance, our focus is on the defense counsel's failure to require the State to prove an important element of its case by providing the chemist's testimony. The record clearly establishes that defense counsel was aware of the commingling *before* entering into the stipulation. In fact, he elicited testimony regarding the commingling in cross-examining two police officers before the stipulation was entered into evidence. Accordingly, defense counsel had a duty to at least raise the defense that the State had failed to test each bag individually. There is no reasonable trial strategy which would support defense counsel's stipulation that freed the State from proving the most important element of its case. Accordingly, we conclude that entering into the stipulation was representation that fell below an objective standard of reasonableness.

¶ 17    Having determined that defense counsel's performance fell below the reasonable standard, we now consider whether it prejudiced the defendant. Prejudice is a reasonable probability of a different result of the proceeding absent counsel's deficiency, and a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Veach*, 2017 IL 120649, ¶ 30.

¶ 18    In urging us to find that the defendant was not prejudiced here, the State asserts that the weight of the substance was not an issue in the case, stating that the stipulation

> "placed the [State] in a position of believing that the amount and the type of substance delivered by defendant was not at issue in this case. Without question, had the instant challenge been raised below it would have been addressed by the [State] by simply calling the chemist as a witness."

The State's argument underscores the defendant's point. A stipulation is conclusive as to all matters included in it, and no proof of stipulated facts is necessary because a stipulation is a substitute for proof that dispenses with the need for evidence. *People v. Woods*, 214 Ill. 2d 455, 469 (2005). And so by stipulating to the weight of the substance, defense counsel effectively relieved the State of its burden to prove an essential element of the offense. This clearly prejudiced the defendant. See *People v. Wilkerson*, 2016 IL App (1st) 151913, ¶ 53 (the greater the amount of illegal substance possessed by a defendant, the higher the offense, and so the State must prove beyond a reasonable doubt the weight of the substance containing the drug).

¶ 19    We find this case to be analogous to *Coleman*, where this court found that by testing only 1 of the 15 bags before commingling, there could only be speculation about the contents of the remaining 14 bags. *Coleman*, 2015 IL App (4th) 131045, ¶ 84. Similarly here, without the chemist's testimony regarding testing the substance, it would have been impossible to prove, beyond a reasonable doubt, that all three bags had contained methamphetamine before there was commingling. Although the substance unquestionably contained an amount of methamphetamine, exactly how much is pure speculation at this point. If the chemist had testified that he or she was unable to determine how much of the 415 grams contained methamphetamine, it is likely the defendant would have been convicted of a lesser offense. Stated another way, if defense counsel had not stipulated to the weight of the substance, it is reasonably likely that there would have been a different outcome in the defendant's trial. Consequently, the stipulation prejudiced the defendant.

¶ 20    Although we initially considered the record to be insufficient for us to consider the defendant's ineffective assistance claim, a deeper analysis, including our review of *Coleman*, has led us to a different conclusion. Moreover, upon further consideration, we find there is no need for the trial court to hold an evidentiary hearing on whether there was ineffective assistance of counsel. Even without the lab reports or the chemist's testimony, it is evident that defense counsel should not have stipulated to the weight of the substance, and his doing so prejudiced the defendant. Therefore, we hold that defense counsel rendered ineffective assistance here.

¶ 21    We do not believe, however, that the proper remedy is to simply reduce the defendant's conviction to a Class 3 felony as he requests us to do. The methamphetamine possession statute contains six different offenses addressing varying levels of possession, with the Class 3 felony being the lowest offense and designated for "[a] person who possesses less than 5 grams." 720 ILCS 646/60(b)(1)-(b)(6) (West 2012). As discussed *supra*, without the

- 5 -

chemist's testimony regarding testing the substance, it is pure speculation at this point how much of the substance contained methamphetamine. If we were to reduce the defendant's sentence to that of a lesser offense, it would be based upon complete conjecture as to the appropriate "lesser" offense.

¶ 22 Indeed, the proper remedy is to grant the defendant a new trial. See *People v. Young*, 306 Ill. App. 3d 350, 356 (1999) (where a defendant was deprived of effective assistance of counsel, the proper remedy is to reverse the defendant's conviction and remand the matter for a new trial); *People v. Graham*, 179 Ill. App. 3d 496, 509 (1989) (where prejudicial error infected the verdict, the defendant is entitled to a new trial). At the new trial, the State will be required to prove each and every element of its case without the stipulation. We note that double jeopardy does not attach here, as there was evidence that the defendant possessed a substance that contained some amount of methamphetamine; it is only a question of how much methamphetamine. See *People v. Wilson*, 392 Ill. App. 3d 189, 202 (2009) (where the evidence was sufficient to find the defendant guilty, but the defendant is entitled to a new trial because of ineffective assistance of counsel, double jeopardy does not bar a retrial). Accordingly, because defense counsel rendered ineffective assistance, we reverse the defendant's conviction and sentence and remand his case for a new trial.

¶ 23 In light of the foregoing analysis, we need not address the defendant's additional challenge that the State failed to prove he possessed between 400 and 900 grams of a substance containing methamphetamine.

¶ 24 CONCLUSION

¶ 25 For the foregoing reasons, we reverse the defendant's conviction and sentence, and we remand the case to the circuit court of Cook County for a new trial.

¶ 26 Reversed and remanded.