NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210163-U

NO. 4-21-0163

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 13, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| DONALD E. STURGEON, | ) | No. 16CF9 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas W. Funk, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Knecht and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held:*     The appellate court affirmed the trial court's dismissal of defendant's
second-stage postconviction petition claiming ineffective assistance of counsel
because defendant did not make a substantial showing of prejudice.

¶ 2     In January 2016, the State charged defendant, Donald E. Sturgeon, with

participation in methamphetamine manufacturing, a Class X felony (count I) (720 ILCS

646/15(a)(2) (West 2016)), aggravated participation in methamphetamine manufacturing, a Class

X felony (count II) (*id.* §§ 15(a)(1), 15(b)(1)(H)), possession of methamphetamine precursors, a

Class X felony (count III) (*id.* §§ 20(a)(1), 20(a)(2)(C)), and possession of methamphetamine

with the intent to deliver, a Class 2 felony (count IV) (*id.* §§ 55(a)(1), (a)(2)(A)). The charges

alleged generally that defendant participated in the manufacture of methamphetamine within

1000 feet of Jefferson Elementary School in Lincoln, Illinois.

¶ 3     A jury found defendant guilty of counts II, III, and IV. The trial court sentenced

defendant to concurrent terms of 45 years in prison for each of the Class X offenses and 14 years for the Class 2 offense.

¶ 4 On direct appeal, this court affirmed defendant's convictions and sentences. *People v. Sturgeon*, 2019 IL App (4th) 170035, 126 N.E.3d 703.

¶ 5 In November 2019, defendant *pro se* filed a postconviction petition, which progressed to the second stage. Defendant was appointed counsel who then filed an amended petition arguing, among other things, that trial counsel was ineffective for stipulating to the school being "an active school" at the time of the offense (an element of the offense) and that without the stipulation, defendant would have not been convicted of the aggravated offense in count II. Instead, defendant argued, he would have been convicted of simple participation in methamphetamine manufacturing, which would have resulted in a lower sentence. The State filed a motion to dismiss, which the trial court granted in February 2021, finding that (1) defendant's claims were barred by *res judicata* and (2) defendant could not establish prejudice.

¶ 6 Defendant appeals, arguing the trial court erred by granting the State's motion to dismiss his amended postconviction petition because his petition made a substantial showing that trial counsel rendered ineffective assistance by stipulating that Jefferson Elementary was an operating school at the time of the offense and that counsel's stipulation resulted in a greater sentence than defendant otherwise would have received. We disagree and affirm the trial court's dismissal.

¶ 7                                I. BACKGROUND

¶ 8 Our opinion in defendant's direct appeal presents a detailed factual background of this case. See *Sturgeon*, 2019 IL App (4th) 170035. Because our resolution of this appeal relies

solely on the effect of trial counsel's alleged ineffective assistance on defendant's sentence, we set forth only those facts necessary to an understanding of defendant's claim.

¶ 9        In January 2016, defendant was charged with participation in the manufacture of 900 grams or more of methamphetamine, a Class X felony (count I) (720 ILCS 646/15(a)(1), (a)(2)(E) (West 2016)); aggravated participation in the manufacture of 400 grams of more of methamphetamine within 1000 feet of a school, a Class X felony (count II) (*id.* §§ 15(a)(1), (b)(1)(H)); possession of 30 to 150 grams of a methamphetamine precursor (pseudoephedrine), a Class X felony (count III) (*id.* §§ 20(a)(1), (a)(2)(C)); and possession of less than 5 grams of methamphetamine with intent to deliver, a Class 2 felony (count IV) (*id.* §§ 55(a)(1), (a)(2)(A)).

¶ 10        Defendant's jury trial took place in September 2016. The evidence established the following.

¶ 11        In January 2016, police officers received information that defendant was selling methamphetamine in Clinton and would be traveling to sell methamphetamine at a Thornton's gas station. While surveilling defendant's house, officers saw defendant get in his car, and they followed him to a house located within 1000 feet of Jefferson Elementary, at which time he parked his car in the driveway. Defendant exited the car, and upon being approached by police officers, fled on foot. Before being apprehended, defendant threw a glass vial containing 1.3 grams of methamphetamine. The police officers later questioned people standing outside the house, one of whom said defendant was cooking methamphetamine in the house. Officers then searched the house and recovered therefrom numerous items used to make methamphetamine and several bottles containing cooked methamphetamine. One bottle weighed 560.9 grams, and another weighed 550.3 grams.

¶ 12        Regarding the elementary school, the parties stipulated that, at the time of the

offense, the "[s]chool was operated by [the school district] as a public education school serving students that attend kindergarten through second grades." The jury found defendant guilty of counts II (aggravated methamphetamine manufacture within 1000 feet of a school), III (possession of a methamphetamine precursor), and IV (possession of methamphetamine with intent to deliver).

¶ 13 In November 2016, the trial court conducted a sentencing hearing. The State called Inspector Joseph Meister of the Lincoln Police Department, who testified that, beginning in August 2015, multiple sources reported that defendant was manufacturing methamphetamine. Meister stated that the subsequent investigation stemming from those reports determined that seven individuals connected with defendant, as well as defendant himself, had purchased pseudoephedrine multiple times since August 2015. In exchange for the pseudoephedrine, defendant compensated the individuals with either drugs or money. Meister also stated that, based on his investigation, defendant had cooked methamphetamine on New Year's Eve, 2015.

¶ 14 The State recommended defendant receive a 40-year sentence for count II, a 30-year sentence for count III, and a 14-year sentence for count IV, based largely on defendant's criminal history. Notably, according to the presentence investigation report (PSI), defendant had seven prior felony convictions: one Class 4 felony in 2007, two Class 3 felonies in 2004 and one in 2005, one Class 1 felony in 2005, and two Class X felonies in 2010 and 2011. Moreover, defendant was on parole for his two prior Class X felonies when he committed the offenses at issue in this appeal.

¶ 15 In allocution, defendant asserted, in essence, that he should be given a lighter sentence because his crime was not violent and that he needed "reformation instead of incarceration."

¶ 16 The trial court sentenced defendant to 45 years in prison on count II, 45 years in prison on count III, and 14 years in prison on count IV, which were to be served concurrently. The court noted that there were "very few factors in mitigation" and "a number of factors in aggravation that [the court believed] point to a rather significant sentence in this case." Particularly troublesome to the court was defendant's lengthy criminal history and the many opportunities defendant had to address his drug addiction since his first felony conviction in 2004. Ultimately, the court determined "that a significant sentence [was] necessary for the deterrence for the public and to insure that, at least for a period of time, the citizens of the state of Illinois [would] not *** have to worry about [defendant] out there peddling this poison again." The court also made a finding that defendant's commission of the crime was partly a result of drug addiction and expressed its hope that defendant would "receive some treatment" while in prison.

¶ 17 On direct appeal, defendant argued, among other things, that (1) the State did not prove beyond a reasonable doubt the weight of the methamphetamine or the distance between the residence and the school for count II (aggravated participation in methamphetamine manufacturing) and (2) counsel was ineffective for failing to cross-examine the police officers regarding their testimony about the weight and distance. This court affirmed defendant's convictions and sentences. *Sturgeon*, 2019 IL App (4th) 170035, ¶ 122.

¶ 18 In November 2019, defendant *pro se* filed a postconviction petition, which progressed to the second stage. In September 2020, the trial court appointed defendant counsel who then filed an amended petition adopting the *pro se* allegations. The petition argued that trial counsel was ineffective for failing to investigate or cross-examine the State's witness (who testified as to the facts surrounding the elementary school) regarding (1) the distance between the

- 5 -

elementary school and the residence and (2) whether the school was "a working and functional school" at the time of the offense. Additionally, defendant argued that trial counsel was ineffective for stipulating to the school being "an active school" at the time of the offense. Accordingly, because of counsel's ineffective assistance, defendant was convicted of the aggravated offense in count II, instead of the simple offense, which would have resulted in a lower sentence. The State filed a motion to dismiss, which the trial court granted, finding (1) the claims were barred by *res judicata* and (2) defendant could not establish that trial counsel's performance prejudiced defendant.

¶ 19        This appeal followed.

¶ 20                                II. ANALYSIS

¶ 21        Defendant appeals, arguing the trial court erred by granting the State's motion to dismiss his amended postconviction petition because his petition made a substantial showing that trial counsel rendered ineffective assistance by stipulating that Jefferson Elementary was an operating school at the time of the offense and that counsel's stipulation resulted in a greater sentence than defendant otherwise would have received. We disagree and affirm the trial court's dismissal.

¶ 22                            A. The Applicable Law

¶ 23                        1. *The Post-Conviction Hearing Act*

¶ 24        The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides criminal defendants with a three-stage process to collaterally attack their convictions or sentences on grounds of constitutional violations. *People v. House*, 2021 IL 125124, ¶¶ 15-16. At the first stage, the trial court considers whether the postconviction petition states the gist of a constitutional claim. *People v. Allen*, 2015 IL 113135, ¶ 24, 32 N.E.3d 615. "If the

postconviction petition is not summarily dismissed at the first stage, the proceedings move to the second stage." *House*, 2021 IL 125124, ¶ 16; 725 ILCS 5/122-2.1(b) (West 2018). "At the second stage of postconviction proceedings, counsel may be appointed to represent the petitioner." *House*, 2021 IL 125124, ¶ 17; 725 ILCS 5/122-4 (West 2018). In order to avoid dismissal, a defendant must set forth a substantial showing of a constitutional violation in the postconviction petition and any accompanying documentation. *House*, 2021 IL 125124, ¶ 17. Allegations in a postconviction petition are taken as true unless affirmatively refuted by the record. *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767. Appellate courts review a trial court's dismissal at the second stage of postconviction proceedings *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31, 47 N.E.3d 237.

¶ 25                    2. *Ineffective Assistance of Counsel*

¶ 26          To state a claim of ineffective assistance of counsel, a defendant must allege that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance arguably prejudiced the defendant. *People v. Veach*, 2017 IL 120649, ¶ 30, 89 N.E.3d 366 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). "[T]o demonstrate prejudice, a defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *People v. Patterson*, 192 Ill. 2d 93, 122, 735 N.E.2d 616, 633 (2000). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. " 'A defendant must satisfy both prongs of the *Strickland* test and a failure to satisfy any one of the prongs precludes a finding of ineffectiveness.' " *Veach*, 2017 IL 120649, ¶ 30 (quoting *People v. Simpson*, 2015 IL 116512, ¶ 35, 25 N.E.3d 601).

¶ 27                         B. This Case

¶ 28    Because we conclude that defendant was not prejudiced by trial counsel's alleged deficient performance, we need not address the first prong of the *Strickland* test. *Id.*; see also *People v. Coleman*, 158 Ill. 2d 319, 349, 633 N.E.2d 654, 670 (1994) ("A court need not decide the first prong of this test, whether counsel's performance was deficient, before analyzing the prejudice component.").

¶ 29    Defendant argues that he was prejudiced because, but for counsel's stipulation to Jefferson Elementary's being an operating school at the time of the offense, he would not have been convicted of aggravated participation in methamphetamine manufacturing (count II), which carries a sentencing range of 15 to 60 years. 720 ILCS 646/15(b)(1)(H) (West 2016). Instead, defendant argues he would have been convicted of the lesser-included offense of participation in methamphetamine manufacturing of 400-900 grams, which carries a base sentencing range of 12 to 50 years. *Id.* §15(a)(2)(D). (We note that section 5-4.5-25 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-25 (West 2016)) provides for extended-term sentencing of up to 60 years imprisonment for that offense.) Accordingly, defendant argues, because of the lower sentencing range, the trial court would have likely imposed less than the 45-year sentence he received. In support of his position, defendant cites *People v. Miramontes*, 2018 IL App (1st) 160410, ¶ 19, 116 N.E.3d 199.

¶ 30    We disagree with defendant for the following reasons: (1) the conviction defendant would have received, absent the proximity of the school, would still have carried a 60-year maximum sentence because of the availability of extended Class X sentencing; (2) defendant ignores the trial court's consideration of his extensive criminal record; and (3) defendant's reliance on *Miramontes* is misplaced.

¶ 31    First, regardless of defendant being convicted of an aggravated offense, even a

conviction for the simple offense of participation in methamphetamine manufacturing would have still made him eligible for nearly the same sentencing range, with only the minimum available sentence changing because of defendant's criminal history. The aggravating element of being near to a school merely increased the 12- to 60-year extended sentencing range for simple methamphetamine manufacturing to a 15- to 60-year range for aggravated methamphetamine manufacturing. Compare 720 ILCS 646/15(a)(2)(D) (West 2016), and 730 ILCS 5/5-4.5-25 (West 2016), with 720 ILCS 646/15(b)(1)(H) (West 2016). This difference in the minimum sentencing range does not persuade us that defendant may have gotten a reduced sentence— particularly because defendant also received a concurrent 45-year sentence for his other Class X conviction (count III), despite having a sentencing range of 6 to 60 years.

¶ 32      Second, the record does not show that the nature of the offense—cooking methamphetamine near a school—affected the trial court's sentencing decision, but it does show the court's reliance on defendant's criminal history. At no point during the court's discussion of its decision did it bring up the fact that the felony was an aggravated offense or anything to do with the school. However, the court *did* make sure to mention that count II was defendant's "third Class X felony." In doing so, the court implied that the class of crime and defendant's recidivism were more important to its decision than the aggravated nature of the felony for which defendant was convicted. Moreover, before issuing its sentence, the court explicitly stated "that a significant sentence [was] necessary for the deterrence for the public and to insure that, *** citizens of the state of Illinois [were] not going to have to worry about you out there peddling this poison again." Accordingly, the nearness of the school was not a significant reason for the trial court's issuing the 45-year sentence.

¶ 33      Lastly, defendant cites *Miramontes* in support of his argument, but that reliance is

misplaced. In *Miramontes*, the defendant was charged with possession of between 400 and 900 grams of methamphetamine, a Class X felony, and his trial counsel stipulated to the weight of the substance (an element of the offense). *Miramontes*, 2018 IL App (1st) 160410, ¶¶ 3, 6. The defendant was convicted and given a nine-year sentence. *Id.* ¶ 1. The defendant subsequently appealed, arguing, but for trial counsel's stipulation, he would have been convicted of a Class 3 felony. *Id.* ¶¶ 9, 12. The appellate court agreed, holding that the defendant was prejudiced because, had his trial counsel not stipulated to the weight of the substance, the defendant was reasonably likely to have been convicted of a lesser offense. *Id.* ¶ 20.

¶ 34        Here, defendant concedes that even without trial counsel's stipulation, he still would have been convicted of a Class X felony. In contrast, in *Miramontes*, without the stipulation, the State may not have been able to prove the weight of the substance to convict defendant of the Class X felony. Furthermore, the sentencing range for the two offenses in *Miramontes* differed dramatically—8 to 40 years for the Class X offense versus 2 to 5 years for the Class 3 offense. Compare 720 ILCS 646/60(b)(5) (West 2012), with 730 ILCS 5/5-4.5-40(a) (West 2012). The same cannot be said for defendant because, as we discussed above, the aggravated offense did not result in a higher sentencing range. In addition, the defendant in *Miramontes* was given a nine-year sentence that would have exceeded the sentencing range of the lesser offense. *Miramontes*, 2018 IL App (1st) 160410, ¶ 1. Here, defendant's sentence of 45 years would not have exceeded the statutory maximum had he been sentenced for simple participation in methamphetamine manufacturing rather than the aggravated offense. See 730 ILCS 5/5-4.5-25 (West 2016).

¶ 35        Ultimately, defendant's assertion that the trial court would "likely" have issued a lower sentence is mere speculation (without any basis) that, without more, fails to demonstrate a

substantial showing of ineffective assistance of counsel. Accordingly, we conclude the trial court did not err by dismissing his postconviction petition at the second stage.

¶ 36                                   III. CONCLUSION

¶ 37          For the reasons stated, we affirm the trial court's judgment.

¶ 38          Affirmed.