**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220127-U

Order filed April 8, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0127 Circuit No. 20-CF-402 |
| LETITIO M. OLIVER, | ) ) ) | The Honorable H. Chris Ryan, Jr., |
| Defendant-Appellant. | ) ) | Judge, presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Holdridge and Davenport concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant received ineffective assistance of trial counsel, resulting in his conviction being vacated and this cause being remanded for a new trial.

¶ 2     Following a bench trial, defendant, Letitio M. Oliver, was convicted of unlawful delivery of 1 to 15 grams of a substance containing heroin, in violation of section 401(c)(1) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/401(c)(1) (West 2020)). The circuit court

subsequently sentenced defendant to seven years' imprisonment in the Illinois Department of Corrections (IDOC).

¶ 3    Defendant appeals his conviction and sentence, arguing that the State failed to prove him guilty beyond a reasonable doubt, by failing to show that he delivered at least one gram of heroin, where the stipulated testimony of the State's forensic scientist was silent as to whether she tested each of the multiple packets of suspected narcotics for the presence of heroin. Defendant further argues that his trial counsel was ineffective for stipulating to the forensic testimony. For the reasons that follow, we reverse and remand for a new trial.

¶ 4                                    I. BACKGROUND

¶ 5    On November 12, 2020, the State charged defendant by information in the La Salle County circuit court with one count of unlawful delivery of 1 to 15 grams of a substance containing heroin, and one count of unlawful delivery of 1 to 15 grams of a substance containing cocaine. On February 3, 2022, a bench trial proceeded on both counts.

¶ 6    During trial, the State presented witness testimony showing, in sum, that, on April 16 and 20, 2020, the Streator Police Department (Department) worked with Tara Panko, a confidential informant, to investigate Karri Vaughn, who was dating defendant at that time. On both dates, Vaughn informed Panko that she had narcotics for sale and directed Panko to various locations to purchase the narcotics. Panko, using prerecorded money and video equipment provided by the Department, traveled to the locations indicated by Vaughn and purchased narcotics from both defendant and Vaughn. Panko then gave the purchased narcotics to an agent from the Department, and video footage of the drug transactions was later recovered by police.

¶ 7    Following witness testimony, the State moved to enter two stipulations into evidence. The first stipulation pertained to the chain of custody of the suspected heroin and cocaine recovered

during the April 16 and 20 investigations. The second stipulation was as to the testimony of Pamela Passolano, the forensic scientist who tested the suspected narcotics. The following exchange occurred at trial, relevant to Passolano's stipulated testimony:

"MR. GOODE [Assistant State's Attorney]: And, your Honor, we also have a stipulation in regards to the testimony of Pamela Passolano, . . . a forensic scientist who tested the narcotics in this case. She would testify that People's [Exhibit] 4 did, in fact, test positive for heroin and weighed over one gram. And she would further testify that People's [Exhibit] 8 did, in fact, test positive for cocaine and weighed over one gram.

MR. GOLDSTIN [defense counsel]: Can we get the specific amounts that they weighed?

MR. GOODE: Correct.

Your Honor, the heroin in People's 4 weighed 1.04 grams. The cocaine in People's 8 weighed 1.2 grams. And she would testify that's based on her expert opinion, based on her training, education, and experience.

I believe there is no objection. Those would be by agreement.

MR. GOLDSTIN: That's correct, Your Honor.

THE COURT: All right. Counselor, did you go over that with your client, then?

MR. GOLDSTIN: I'm sorry?

THE COURT: You've gone over the steps with your client?

MR. GOLDSTIN: The chain of custody and the—

THE COURT: Lab results.

3

MR. GOLDSTIN: Yes.

THE COURT: All right. Then, fine, I'll consider those as Exhibits 10 and 11 entered into without any objection. I'll consider them as evidence."

Both stipulations were then entered into evidence, with the stipulation as to Passolano's testimony stating as follows:

"The parties agree and stipulate that if Pamela Passolano were called to testify, she would state under oath as follows:

\*\*\*\*\*

4) She first took inventory of People's #4, which contained a corner bag, with 6 tins containing purported heroin. She would testify that these tins all contained an off[-]white powder.

5) That she then examined the contents of People's #4, to determine its weight and content. She followed all Illinois State Police Laboratory protocol when weighing the exhibits, and that the weight ultimately obtained, which was 1.04 grams[,] did not include the packaging of the substance.

6) That she would further testify that she subjected a portion of People's #4[] to various scientific tests to determine the presence of heroin. She would testify that People's #4 tested positive for the presence of heroin.

9) That she would testify that[,] in her expert opinion, based on her training, education[,] and experience, and to a reasonable degree of scientific certainty, that People's #4[] is, in fact, heroin."

¶ 8 The circuit court convicted defendant of unlawful delivery of 1 to 15 grams of a substance containing heroin, and acquitted him of the charge of unlawful delivery of 1 to 15 grams of a

4

substance containing cocaine. Defendant later filed a motion for a new trial or change of judgment, which was denied. The circuit court sentenced defendant to seven years' imprisonment in IDOC, and on March 31, 2022, defendant filed his notice of appeal.

¶ 9                                             II. ANALYSIS

¶ 10        On appeal, defendant argues that there was insufficient evidence to sustain his conviction for unlawful delivery of 1 to 15 grams of a substance containing heroin, because Passolano's stipulated testimony failed to indicate that the State performed the required chemical testing on the suspected heroin, which, in turn, precluded the State from proving that defendant delivered at least one gram of a substance containing heroin. Defendant also argues, for the first time on appeal, that his trial counsel was ineffective for stipulating to Passolano's testimony.

¶ 11                              A. Ineffective Assistance of Counsel

¶ 12        We begin by analyzing defendant's claim of ineffective assistance of counsel. To assess whether defendant was denied the effective assistance of trial counsel, we will apply the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, a defendant must prove that "counsel's performance was deficient and [that] the deficient performance prejudiced the defendant." *People v. Nunez*, 325 Ill. App. 3d 35, 42 (2001). More specifically, the defendant must prove both that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome at trial would have been different. *People v. Evans*, 209 Ill. 2d 194, 219–20 (2004). " 'A reasonable probability that the result would have been different is a probability sufficient to undermine confidence in the outcome.' " *People v. Stephens*, 2012 IL App (1st) 110296, ¶ 101 (quoting *Evans*, 209 Ill. 2d at 220; *People v. Colon*, 225 Ill. 2d 125, 135 (2007)). We apply *de novo* review to ineffective-

5

assistance claims raised for the first time on direct appeal. *People v. Bates*, 2018 IL App (4th) 160255, ¶ 46.

¶ 13 Defendant argues that his trial counsel was ineffective for stipulating to Passolano's testimony where the stipulation failed to indicate that Passolano had tested the contents of each of the six tins individually to determine that they were, in fact, heroin. Defendant also argues that, without the stipulation, he likely would not have been convicted of the Class 1 felony of unlawful delivery of 1 to 15 grams of a substance containing heroin.

¶ 14 In support, defendant cites to *People v. Miramontes*, 2018 IL App (1st) 160410, and *People v. Coleman*, 2015 IL App (4th) 131045. In *Miramontes*, the defendant argued that his trial counsel was ineffective for stipulating to the weight of the methamphetamine that he was charged with possessing, despite knowing that the suspected methamphetamine was commingled prior to chemical testing. *Miramontes*, 2018 IL App (1st) 160410, ¶ 15. The State countered that trial counsel's decision to stipulate to the weight of the methamphetamine was a matter of trial strategy, choosing instead to challenge the defendant's knowledge that he possessed an illegal substance. *Id*. However, noting that the stipulation went to the weight element, rather than to the knowledge element, of the charged offense, the court rejected this argument. *Id*. The court went on to explain that "[t]here [was] no reasonable trial strategy which would support defense counsel's stipulation that freed the State from proving the most important element of its case." *Id*. Thus, the court concluded, trial counsel was deficient for stipulating to the weight of the methamphetamine. *Id*.

¶ 15 The court in *Miramontes* also noted that the State itself acknowledged that, by entering into the stipulation, trial counsel led the State to believe that the amount and type of the substance possessed by the defendant was not at issue. *Id*. ¶ 18. Without the need to establish those elements, the State had no reason to call its forensic scientist to testify at trial. *Id*. The court explained that,

"by stipulating to the weight of the substance, defense counsel effectively relieved the State of its burden to prove an essential element of the offense[, which] clearly prejudiced the defendant." *Id.* For that reason, the court found that trial counsel had rendered ineffective assistance to the defendant. *Id.* ¶ 20.

¶ 16    The defendant in *Coleman* made a similar argument, alleging that trial counsel was ineffective for stipulating to the weight of the suspected cocaine, without first investigating whether the contents of the 15 different bags containing the suspected cocaine had been commingled prior to being individually tested. *Coleman*, 2015 IL App (4th) 131045, ¶ 77. The court began its analysis by explaining that defense counsel had a duty to conduct a reasonable investigation into the chemical testing of the suspected cocaine. *Id.* ¶ 78. It then noted that defense counsel had no reasonable basis for believing that such an investigation was unnecessary where the police report did not state that the 15 bags were separately tested, and, instead, contained "hints of commingling." *Id.* Consequently, the court found that defense counsel was deficient for failing to investigate the chemical testing performed and stipulating to the weight of the cocaine. *Id.* The court further found that defense counsel's deficiency prejudiced the defendant because the stipulation freed the State of its burden of proving that each of the 15 bags was tested prior to their contents being commingled, and because it was also unclear whether the forensic scientist would have testified that each of the bags was tested, if he had been called to testify at trial. *Id.* ¶¶ 81, 83.

¶ 17    Similarly, trial counsel in this case stipulated to Passolano's testimony, despite there being no indication that she tested each of the six tins for the presence of heroin. Like the State in *Miramontes*, the State here argues that trial counsel's decision to stipulate to Passolano's testimony was a matter of trial strategy, with counsel choosing to challenge other aspects of the State's case instead. Our review of the trial transcript, however, shows that, while trial counsel did indeed

challenge the State's case in other ways, he never challenged the State's showing on the weight element of the offense. Thus, the only evidence indicating the weight of the heroin was Passolano's stipulated testimony. As in *Miramontes*, the effect of trial counsel's conduct was to "free[] the State from proving the most important element of its case." *Miramontes*, 2018 IL App (1st) 160410, ¶ 15. We agree with the *Miramontes* court that trial counsel's performance in this case was deficient by stipulating to an otherwise unchallenged element of the State's case.

¶ 18      Nonetheless, the State argues that defendant has not established prejudice from trial counsel's deficient performance because it is unlikely that the outcome at trial would have been different without the stipulation. If trial counsel had not stipulated to Passolano's testimony, the State maintains that it would have called Passolano to testify and examined her about the process she used to test the evidence, giving her the opportunity to explain that she tested the six tins individually.

¶ 19      While it is possible that Passolano would have testified to testing each of the six tins, if called to testify at trial, it is also possible that she would have testified to not, in fact, testing each of the six tins. As in *Coleman*, due to this uncertainty and the fact that, by stipulating to Passolano's testimony, trial counsel relieved the State of its burden to prove the essential weight element of the charged offense, we find that trial counsel's deficient performance prejudiced defendant. Thus, defendant received constitutionally ineffective assistance of counsel.

¶ 20                                    B. Relief

¶ 21      Having determined that defendant's trial counsel was ineffective, we next consider the relief we should grant defendant. He asks that we reverse his conviction and remand his case to the circuit court for a new trial.

¶ 22        "Sixth Amendment deprivations [of the effective assistance of counsel] are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morris*, 449 U.S. 361, 364 (1981). When a defendant has been deprived of the effective assistance of counsel, the appropriate remedy is to grant the defendant a new trial if reducing the defendant's sentence to a lesser offense would require engaging in speculation. See, *e.g.*, *Miramontes*, 2018 IL App (1st) 160410, ¶¶ 21–22 (concluding that the proper remedy was to grant the defendant a new trial, after determining that he was rendered ineffective assistance of counsel and that reducing his sentence would require conjecture as to the appropriate lesser-included offense).

¶ 23        Here, as we noted earlier, absent the parties stipulating to her testimony, it is unclear as to what Passolano would have testified, if called as a witness at trial. Moreover, even if her testimony were consistent with the statements in the stipulation, the evidence would only state, in relevant part, that the suspected heroin weighed a total of 1.04 grams total and that the suspected heroin "is, in fact, heroin." However, nothing in the trial record suggests that Passolano tested each of the six tins for the presence of heroin, depriving her of any valid basis for opining that all 1.04 grams of the substance was heroin. Instead, it only permits her to opine that the suspected heroin is 1.04 grams of a substance containing some unspecified amount of heroin.

¶ 24        Even if Passolano testified consistent with the stipulation, the possibility would have remained that the substance being tested contained less than 1.04 grams of heroin because Passolano's stipulated testimony failed to state the weight of the contents of each of the tins. If her live testimony also left open the possibility that less than all of the 1.04 grams of suspected heroin was, in fact, heroin, then it would next be unclear if the tins, whether viewed together or separately, contained enough heroin to establish the weight element of the charged offense.

9

¶ 25     Thus, it would be purely speculative for us to determine which level of offense the State could have proved at trial: the Class 1 felony for which defendant was actually convicted or the lesser-included Class 2 felony for delivery of less than one gram of heroin. See 720 ILCS 401(c)(1), (d)(i) (West 2020). Therefore, we decline to make this determination, and, instead, remand the cause for a new trial.

¶ 26                                        III. CONCLUSION

¶ 27     For the foregoing reasons, we vacate the circuit court's judgment and sentence and remand defendant's cause for a new trial on count one of the information, alleging unlawful delivery of 1 gram or more, but less than 15 grams, of a substance containing heroin, in violation of section 401(c)(1) of the Illinois Controlled Substances Act (720 ILCS 570/401(c)(1) (West 2020)).

¶ 28     Vacated and remanded.