**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240575-U

Order filed August 1, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0575 Circuit No. 23-CF-348 |
| | ) | |
| TAQQEE J. EVANS, | ) ) | Honorable H. Chris Ryan, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BERTANI delivered the judgment of the court.
Justices Holdridge and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Where defendant was convicted of aggravated domestic battery, defense counsel was ineffective in failing to request jury instruction for lesser-included offense based on (1) counsel's unawareness of the lesser-included offense and (2) the reasonable probability of a different result had the jury been instructed in the lesser-included offense.

¶ 2     Defendant, Taqqee J. Evans, appeals his aggravated domestic battery conviction, arguing that he received ineffective assistance of counsel when his attorney introduced other crimes

evidence and failed to request a jury instruction for the lesser-included offense of misdemeanor domestic battery. We reverse and remand.

¶ 3                                                   I. BACKGROUND

¶ 4        The State charged defendant by indictment with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2022)) on September 12, 2023, alleging that on or about August 31, 2023, defendant, in committing domestic battery, intentionally strangled his live-in girlfriend, Mekyla Gonzalez. Defendant proceeded to a jury trial on July 15, 2024.

¶ 5        At trial, Gonzalez testified that she and defendant were home arguing when defendant got on top of her and began choking her. Defendant let Gonzalez get up but took her phone when she tried to call the police. Gonzalez eventually retrieved her phone from defendant and called her friend, Courtney Coan, via Apple's FaceTime application. While on the call, defendant followed Gonzalez into the bedroom and choked her again. After defendant left her alone, Gonzalez stated she hid in the laundry room until the police arrived. On cross-examination defendant's trial counsel showed Gonzalez a photo of what she recognized to be a distinct handprint on her thigh from a separate event. She stated that this occurred about a month prior to the strangling incident when defendant slapped her thigh and left the red handprint.

¶ 6        Coan testified that she saw defendant choke Gonzalez during the FaceTime call. When she saw defendant choking Gonzalez, Coan hung up and called the police before heading to Gonzalez's apartment. During cross examination, trial counsel elicited testimony indicating that Coan's written police statement included that she saw defendant choke Gonzalez twice, though she testified to only seeing it happen one time.

¶ 7        Officers Alex Doll and Austin Bray each testified that they were dispatched to defendant's residence for a domestic disturbance. Before knocking on the door, they heard a male yelling in

2

an angry tone inside the apartment. Doll knocked on the door, and Gonzalez opened it looking tearful and scared. Doll stayed inside the apartment with Gonzalez while Bray stepped outside with defendant. Doll observed that the right side of Gonzalez's face and the front of her neck were red. Later, when speaking with her directly, Bray also noticed that the right side of Gonzalez's face was red and puffy and that her neck was red. Bray also spoke with defendant at the scene. He noticed no injuries and categorized defendant as "upset." Defendant told Bray he had an argument with Gonzalez over finances, but the argument did not become physical. Bray and Doll arrested defendant for domestic battery.

¶ 8        Jason Edgecomb, the superintendent of the county jail, testified to introduce a jail call defendant made to another male while detained pending trial. During the call, defendant admitted slapping Gonzalez. He did not admit to strangling her.

¶ 9        At the jury instruction conference, the circuit court asked trial counsel if he had discussed the possibility of a lesser-included offense instruction with defendant. Trial counsel responded, "Yes, Judge. I don't believe there are any lesser-included." As a result, the jury did not receive an instruction for the lesser-included offense of misdemeanor domestic battery.

¶ 10       Trial counsel displayed the photo of the handprint on Gonzalez's thigh in closing arguments stating, "[y]ou can see a full handprint. You can see it. And she said it was from a slap in the thigh." Counsel pointed out that there was "some little redness" on her neck from the night Gonzalez alleged defendant strangled her but " nothing definitive" when compared to the handprint on Gonzalez's thigh.

¶ 11       During deliberations, the jury sent a question to the court asking, "How certain is reasonable doubt[?] Percentage? Definition?" The court answered that the jury had received all

3

instructions and should continue deliberating. The jury returned a verdict of guilty, and the court sentenced defendant to 90 days' imprisonment and 48 months' probation.

¶ 12                                    II. ANALYSIS

¶ 13        Defendant appeals, arguing that he received ineffective assistance of counsel during trial. He contends that counsel erred by introducing other crimes evidence in the form of the photograph of the handprint on Gonzalez's thigh and by failing to request a jury instruction for the lesser included offense. A defendant is entitled to competent, not perfect, representation. *People v. Tucker*, 2017 IL App (5th) 130576, ¶ 26. To prevail on a claim of ineffective assistance of counsel, "the defendant must demonstrate that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Petrenko*, 237 Ill. 2d 490, 496-97 (2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Both prongs of the *Strickland* analysis must be proven. *People v. Henderson*, 2013 IL 114040, ¶ 11. If a claim fails under either prong, we need not determine whether the claim also fails under the other. *People v. Graham*, 206 Ill. 2d 465, 476 (2003).

¶ 14        Matters of trial strategy are typically immune from ineffective assistance of counsel claims. *People v. West*, 187 Ill. 2d 418, 432 (1999). We must give deference to trial counsel's "exercise of judgment, discretion or trial tactics even where [we] would have acted differently." *People v. Ingram*, 382 Ill. App. 3d 997, 1006 (2008). "[E]ven if defense counsel makes a mistake in trial strategy or tactics or an error in judgment, this will not render representation constitutionally defective." *People v. Perry*, 224 Ill. 2d 312, 355 (2007). When a defendant argues ineffective assistance due to mistakes in trial strategy, he must overcome the strong presumption that counsel's action was reasonable. *People v. Clendenin*, 238 Ill. 2d 302, 317 (2010). That presumption is

4

overcome when the strategy undertaken is "so irrational and unreasonable that no reasonably effective defense attorney, facing similar circumstances, would pursue such a strategy." *People v. King*, 316 Ill. App. 3d 901, 916 (2000). A reviewing court evaluates counsel's conduct based on the totality of the circumstances. *Tucker*, 2017 IL App (5th) 130576, ¶ 54.

¶ 15    Defendant argues that counsel's performance was deficient because he failed to request a jury instruction for the lesser-included offense of domestic battery and that he was prejudiced as a result.

¶ 16    A lesser-included offense is one that contains the same or fewer elements of the offense charged. 720 ILCS 5/2-9(a) (West 2022). A defendant is not automatically entitled to proffer an instruction to the jury for a lesser-included offense. *People v. Barnard*, 104 Ill. 2d 218, 231-32 (1984). Counsel's decision to advance an "all-or-nothing defense" by not submitting an instruction for a lesser-included offense is generally recognized as a valid trial strategy. *Id.* This decision is not unreasonable unless that strategy is based upon counsel's misapprehension of the law. See *People v. Lemke*, 349 Ill. App. 3d 391, 399-402 (2004).

¶ 17    Defendant was indicted for aggravated domestic battery, a felony, in that, while committing a domestic battery, he strangled Gonzalez. See 720 ILCS 5/12-3.3(a-5) (West 2022). Defendant argues misdemeanor domestic battery is a lesser-included offense of aggravated domestic battery and that his attorney should have submitted that instruction. The misdemeanor charge requires showing that defendant committed a domestic battery by causing bodily harm or contact of an insulting or provoking nature to a family or household member without justification for doing so. *Id.* § 12-3.2. To be found guilty of the aggravated domestic battery for which defendant was charged, the State must prove that defendant strangled another individual while committing a domestic battery. *Id.* § 12-3.3(a-5). The misdemeanor domestic battery is certainly a lesser-

included offense because the aggravated domestic battery offense requires a showing of the misdemeanor charge with the added element of strangulation. *Id.* When asked by the court whether he discussed a lesser-included offense instruction with defendant, counsel responded that he did not believe there was one. The plain language of his statement indicates he was not aware of the existence of a lesser-included offense. We will not speculate whether he meant something else when making this comment, and the record does not indicate he meant anything other than he did not believe there was a lesser-included offense instruction to give the jury. Counsel's statement was clearly a misapprehension of the law because a lesser-included offense existed. When trial strategy is decided on a misapprehension of the law, we may find that counsel provided deficient performance. *People v. Cunningham*, 191 Ill. App. 3d 332, 337 (1989). Thus, we find that counsel was deficient because he incorrectly believed there was no lesser-included offense to present to the jury.

¶ 18    Having established that counsel provided deficient performance, we turn to the second prong of the *Strickland* test—prejudice. See *Strickland*, 466 U.S. at 669. To establish prejudice defendant must show a reasonable probability that the outcome of the proceeding would have been different if not for the deficient performance. *Id.*; *People v. Myles*, 2020 IL App (4th) 180652, ¶ 47. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 669. Thus, we must evaluate whether, had the jury been given the lesser-included offense instruction, it would have still found defendant guilty of aggravated domestic battery. See *People v. Rouse*, 2020 IL App (1st) 170491, ¶ 50. While "it is possible that with a lesser-included instruction offered the result might have been different," a mere possibility is not sufficient to find a reasonable probability of a different result. *People v. Hunt*, 2023 IL App (2d) 220153, ¶ 34.

6

¶ 19		We find that there is a reasonable probability the result here would have been different had the jury been properly instructed. The record presents credibility issues and includes evidence by which a jury might conclude Gonzalez was battered but not strangled, which would constitute a misdemeanor offense rather than the felony. Coan indicated in her statement to the police that she saw defendant choke Gonzalez twice but testified at trial that it was once. The latter was corroborated by Gonzalez, who testified the first choke occurred before she contacted Coan. Gonzalez testified that she hid in the laundry room until the police came, though the police officers testified that it was Gonzalez who answered the door when they arrived. Defendant admitted on the phone to slapping but not strangling Gonzalez. Additionally, while Gonzalez's neck was red in the photos from that night, the jury could have reasonably considered that its appearance did not rise to the level of force Gonzalez relayed in her testimony. While the evidence consistently indicated a battery occurred, the evidence indicating a strangulation occurred was inconsistent.

¶ 20		Further, defendant asserts that the jury's question during deliberations concerning the meaning of reasonable doubt demonstrated that the jury perceived some weakness in the proof of strangulation. The State cites *Carillo v. Ford Motor Co.*, 325 Ill. App. 3d 955, 965 (2001), for the proposition that a reviewing court will not speculate on the import of a jury question, albeit in a civil matter. However, our supreme court has considered jury questions when lesser-included instructions have not been provided as an indication of reluctance in finding defendant guilty of the charge given. *Barnard*, 104 Ill. 2d at 237. It is therefore probable that the jury's question here indicates a reluctance to find defendant guilty of the felony charge and that the jury could have found defendant guilty of the misdemeanor offense had the instruction been provided. Thus, there is a reasonable probability that the result in this matter would have differed had the jury been instructed in the lesser-included offense of domestic battery. Accordingly, we find that defendant

7

was prejudiced by his counsel's deficient performance in not believing a lesser-included offense could have been given and reverse defendant's conviction and sentence. This matter must be remanded for a new trial. See *People v. Miramontes*, 2018 IL App (1st) 160410, ¶ 22.

¶ 21    Defendant also argues that counsel was ineffective for introducing other crimes evidence by way of the photograph depicting the handprint on Gonzalez's thigh. We need not address this issue, as we are reversing on other grounds. See *West*, 187 Ill. 2d at 448.

¶ 22                                III. CONCLUSION

¶ 23    The judgment of the circuit court of La Salle County is reversed and remanded for a new trial.

¶ 24    Reversed and remanded.